**UNITED STATES of America, Appellee,**

**v.**

**Alberto GONZALES, Defendant, Appellant.**

No. 93–1737.

United States Court of Appeals, First Circuit.

Submitted Dec. 10, 1993.

Decided Dec. 23, 1993.

Stephen H. Mackenzie, Portland, ME, on brief for defendant, appellant.

Jay P. McCloskey, U.S. Atty., and Michael M. DuBose, Asst. U.S. Atty., Portland, ME, on brief, for appellee.

Before TORRUELLA, SELYA and STAHL, Circuit Judges.

SELYA, Circuit Judge.

This sentencing appeal is long on rhetoric, but short on merit. Having considered and rejected defendant's three assignments of error, we affirm the judgment below.

## I

First, defendant-appellant Alberto Gonzales contends that the district court erred in imposing a two-level sentence enhancement for obstruction of justice.[1] *See* U.S.S.G. § 3C1.1 (Nov.1992). The contention is jejune. We review a sentencing court's factfinding in these precincts with considerable deference. *See, e.g., United States v. Veilleux,* 949 F.2d 522, 525–26 (1st Cir.1991) (explaining that an obstruction of justice finding will be upheld if not clearly erroneous); *United States v. Wheelwright,* 918 F.2d 226, 228 (1st Cir.1990) (similar). Here, the district court had before it convincing evidence that appellant attempted to coax an acquaintance into bearing false witness about a matter material to the case. Such scurrilous deportment clearly can constitute obstruction of justice, warranting a two-level enhancement of a defendant's base offense level. *See* U.S.S.G. § 3C1.1, comment. (n. 3(b)) (Nov.1992).

Attempting to avoid this result, appellant asserts that the district court failed to make a finding of specific intent in respect to obstructing justice. We read the record differently. The judge found explicitly, and supportably, that appellant "intentionally and knowingly attempted to persuade another individual to testify falsely in court as to a material matter (*e.g.,* that law enforcement agents illegally used contraband substances during a drug buy in the course of their official duties in this case)." In our view, no

---

1. In general, a sentencing court applies the guidelines in effect on the date of sentencing. *See United States v. Bell,* 953 F.2d 6, 7 (1st Cir.1992); *United States v. Harotunian,* 920 F.2d 1040, 1041–42 (1st Cir.1990). Gonzales was sentenced on July 2, 1993. Hence, this case is controlled by the November 1992 edition of the guidelines.

more is exigible. We do not demand that judges, when explaining the bases for their rulings, "be precise to the point of pedantry." *Lenn v. Portland Sch. Comm.*, 998 F.2d 1083, 1088 (1st Cir.1993) (collecting cases). Giving due weight to context and common sense, we accept the sentencing judge's use of the phrase "intentionally and knowingly" in this case as the functional equivalent of an express finding of specific intent.[2]

## II

■ Next, appellant posits that the district court erred in failing to lower his sentence for acceptance of responsibility. *See* U.S.S.G. § 3E1.1 (Nov.1992). We do not agree.

■ A defendant bears the burden of proving entitlement to decreases in the offense level, including downward adjustments for acceptance of responsibility. *See United States v. Morillo*, 8 F.3d 864, 865 (1st Cir. 1993); *United States v. Bradley*, 917 F.2d 601, 606 (1st Cir.1990). Once the sentencing court has ruled against a defendant on such an issue, he "faces an uphill battle." *Morillo*, 8 F.3d at 865. In large part, the uphill nature of the battle relates to the standard of appellate review: "Whether a defendant 'clearly demonstrates a recognition and affirmative acceptance of personal responsibility' is a fact-dominated issue, and the district court's decision to withhold a reduction in the offense level will not be overturned unless clearly erroneous." *United States v. Royer*, 895 F.2d 28, 29 (1st Cir.1990) (citation omitted).

■ Here, the uphill battle is fought on a slope too steep for appellant to climb. There is a logical inconsistency between, on one hand, attempting to obstruct justice, and, on the other hand, accepting responsibility in a timeous manner. The guidelines acknowledge this inconsistency. Only "extraordinary cases" qualify for an acceptance-of-responsibility credit following an enhancement for obstruction of justice. *See* U.S.S.G. § 3E1.1, comment. (n. 4) (Nov.1992); *see also United*

*States v. Olea*, 987 F.2d 874, 878 (1st Cir. 1993). A defendant must carry the burden of proving that his case is "extraordinary" and, thus, that it comes within the narrow confines of the exception. *See Olea*, 987 F.2d at 878.

Appellant cannot scale these heights. The district judge discerned "nothing in this case to make it the extraordinary case required by the guideline application note that would justify a reduction for acceptance of responsibility in the base offense level, in the face of the court's finding of obstruction of justice." That conclusion is fully supported by the record. Indeed, the only thing extraordinary about this case is appellant's temerity in continuing to press for a credit under section 3E1.1 notwithstanding his failed effort at subornation.

■ Undaunted, appellant tries another tack. Invoking the doctrine of *United States v. Perez–Franco*, 873 F.2d 455, 463 (1st Cir. 1989), appellant says that the lower court erroneously denied a section 3E1.1 adjustment based on its perception that appellant failed to accept responsibility for *uncharged* "relevant conduct". We think that appellant's reliance on *Perez–Franco* is mislaid. There is a meaningful distinction between a defendant who does not accept responsibility for conduct underlying dismissed charges (the *Perez–Franco* scenario) and a defendant who falsely denies, or frivolously contests, the occurrence of such behavior. *See Olea*, 987 F.2d at 878. While a defendant is not required affirmatively to admit conduct beyond the offenses of conviction in order to obtain credit for acceptance of responsibility, *see Perez–Franco*, 873 F.2d at 463, a court may properly consider whether a defendant who mendaciously denies relevant conduct has acted in a manner inconsistent with accepting responsibility, *see Olea*, 987 F.2d at 878; *see also* U.S.S.G. § 3E1.1, comment. (n. 1(a)) (Nov.1992). The district court found, in effect, that this case belongs to the latter genre. The court's finding is supportable. Thus, the assignment of error fizzles.

---

**2.** Appellant also suggests that the act of subornation occurred because he was suffering from opioid withdrawal. That suggestion has no cred-

ible support in the record. We cannot fault the district court for failing to accept sheer speculation in place of hard proof.

## III

Among other things, appellant pled guilty to purchasing, receiving, and possessing six handguns after being convicted of a felony. *See* 18 U.S.C. § 922(g)(1), 924(a)(2). A defendant charged under these statutes is entitled to a reduction in his base offense level if he can prove that he possessed the challenged firearms "solely for lawful sporting purposes or collection." U.S.S.G. § 2K2.1(b)(2) (Nov.1992). The district court refused to grant this reduction. Appellant now complains.

A defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a downward adjustment under section § 2K2.1(b)(2). *See United States v. Cousens*, 942 F.2d 800, 802 (1st Cir.1991). We review the sentencing court's findings of fact on this issue for clear error. *See id.* We have carefully sifted the record, including appellant's changing accounts of why the handguns were in his possession. Given the implausibility of appellant's tale and the dearth of corroborative evidence, we find no clear error in the district court's finding that appellant was acting neither as a sportsman nor as a collector in assembling a small arsenal of handguns. Hence, we uphold the court's refusal to grant the requested reduction.

## IV

We need go no further.[3] Shortly after the sentencing guidelines took effect, we wrote that:

> Sentencing appeals prosecuted without discernible rhyme or reason, in the tenuous hope that lightning may strike, ought not to be dignified with exegetic opinions, intricate factual synthesis, or full-dress explications of accepted legal principles. Assuredly, a criminal defendant deserves his day in court; but we see no purpose in wasting overtaxed judicial resources razing castles in the air.

*United States v. Ruiz–Garcia*, 886 F.2d 474, 477 (1st Cir.1989). So it is here.

3. Appellant's remaining arguments are meritless and do not bear discussion.

*The defendant's conviction and sentence are summarily affirmed. See 1st Cir. Loc.R. 27.1.*