UNITED STATES of America, Appellee,

v.

Abel MAFANYA, Defendant–Appellant.

No. 1615, Docket 93–1782.

United States Court of Appeals, Second Circuit.

Argued April 13, 1994.

Decided May 16, 1994.

Darrell B. Fields, Legal Aid Soc., Federal Defender Div., Appeals Bureau, New York City, for defendant-appellant.

Victor Osaii Olds, New York City, Asst. U.S. Atty., S.D.N.Y. (Mary Jo White, U.S. Atty., S.D.N.Y., Nelson W. Cunningham, Asst. U.S. Atty., of counsel), for appellee.

Before: FEINBERG, PIERCE and MINER, Circuit Judges.

FEINBERG, Circuit Judge:

Abel Mafanya, whose true name is Tosin Fred Adegbuji, appeals from a judgment of conviction entered in November 1993 in the United States District Court for the Southern District of New York, Pierre N. Leval, J. Appellant had pleaded guilty to use of an unauthorized access device in violation of 18 U.S.C. § 1029(a). The sole issue on appeal is whether the district court erred in imposing a two-level enhancement for obstruction of justice, pursuant to § 3C1.1 of the United States Sentencing Guidelines. For reasons set forth below, we affirm.

## I. Background and Prior Proceedings

On July 8, 1993, agents of the United States Secret Service arrested appellant on a sworn complaint, charging him with fraudulently obtaining credit in the name of "Bruce Fairchild" and ordering $3,677 worth of computer equipment on the fraudulent account.

When arrested, appellant represented himself to be Abel Mafanya, and asserted that he was a South African national who had never before been arrested.

Appellant continued to assert this identity on July 9, 1993, when he was brought before a magistrate judge in the Southern District. The magistrate judge assigned counsel to appellant based on appellant's financial affidavit, submitted under the name of Abel Mafanya, after appellant swore to the truth of the affidavit in open court.[1] The government had doubts as to appellant's true identity because of the questionable authenticity of appellant's South African passport. For this reason and because of appellant's lack of community ties, the government moved for his detention. The magistrate judge scheduled a detention hearing for July 13, 1993. Prior to the hearing, the government ascertained through FBI records (and so informed defense counsel) that appellant was really Tosin Fred Adegbuji, a Nigerian national who had been arrested on three prior occasions in Rhode Island for credit card fraud and banking law violations. Appellant then consented to the entry of an order of detention.

Thereafter, appellant and the government entered into a written plea agreement dated August 3, 1993. At that time, the government did not know whether appellant's prior arrests had resulted in convictions. The plea agreement stated that the government was then "unaware of any prior criminal conviction" of appellant and that, based on that "assumption," appellant's Criminal History Category was I. Appellant did not disclose that this assumption was wrong, and that, as the probation officer was later to discover, appellant had three prior convictions.

On August 13, 1993, appellant pleaded guilty in the district court to violating 18 U.S.C. § 1029(a). At the plea proceeding, appellant continued his pattern of deception. Although appellant obviously knew about his prior convictions, the government had not yet

---

1. The financial affidavit, while not in the record on appeal, was docketed in the district court as a submission from Abel Mafanya. Moreover, the transcript of the July 9 hearing, which is before us, reflects that the magistrate judge, addressing appellant as "Mr. Mafanya," accepted appellant's sworn statement that the affidavit was true.

**414**

uncovered them. This meant that the district court accepted the plea on the erroneous "assumption" that appellant had no prior convictions. Also, in response to a direct question from the district court, appellant said that he had been born in Johannesburg, South Africa. Before the conclusion of the hearing, however, and after some obvious prodding by counsel, appellant changed his answer and told the district court that "actually" he was born in Lagos, Nigeria. Thereafter, the district court accepted appellant's plea of guilty.

After the August 13 hearing, but before sentencing, the probation officer discovered appellant's three prior convictions. The first was in the United States District Court for the District of Rhode Island, for violating the same federal statute involved in this case. Using the name "Albert Souza," appellant had attempted to obtain a $3,900 cash advance on a credit card bearing that name. For that violation, appellant was sentenced in December 1989 to time served and three years of supervised release. The second conviction was in a Rhode Island state court in January 1990 after appellant pleaded nolo contendere on a charge of passing a bad check in the amount of $1,053.31. For that violation, appellant was sentenced to two years of probation, conditional on restitution. After he failed to make restitution, appellant was charged with violating his probation. Warrants for his arrest on that charge, issued in May 1991, remained unexecuted when appellant was sentenced in this case.[2]

As a result of his three prior convictions, appellant's proper Criminal History Category was not I, as assumed in the plea agreement, but III. In addition, because appellant had falsely denied any previous arrests or convictions throughout the prior proceedings in this matter, the Pre-sentence Report recommended imposition of the two-level upward adjustment for obstruction of justice pursuant to U.S.S.G. § 3C1.1. Appellant objected to the recommended enhancement.

Appellant was sentenced on November 1, 1993, before then-District Judge Leval. The district court found that appellant had lied to

the arresting officers by denying his prior arrests and by giving a false name and nationality, and had continued this "complex of false statements" at subsequent judicial proceedings. The district court further found that these misrepresentations were material to the issue of appellant's detention and, later, to his sentencing. Judge Leval therefore imposed the two-level enhancement for obstruction of justice, pursuant to U.S.S.G. § 3C1.1. The resulting guidelines range—based on an offense level of nine and a Criminal History Category of III—was 8 to 14 months. The district court sentenced appellant to a prison term of 13 months, three years of supervised release and a $50 special assessment.

## II. Discussion

In this court, appellant admits that he provided law enforcement agents with a false name and nationality and that he falsely denied having prior arrests. He also admits that he entered into a plea agreement with the government that was based on the assumption that he had no prior convictions, when in fact he had three prior convictions, and that he stated to the district court that he had been born in South Africa, a statement he corrected only after his lawyer obtained a brief recess to confer with him. Appellant nevertheless argues that the district court erred in enhancing his sentence for obstruction of justice under the Sentencing Guidelines.

### A. Guidelines § 3C1.1

The facts constituting obstruction of justice for sentencing purposes need only be established by a preponderance of the evidence, *United States v. Rivera*, 971 F.2d 876, 891 (2d Cir.1992), and the district court's findings of fact are reviewed under the clearly erroneous standard. *United States v. Johnson*, 994 F.2d 980, 988 (2d Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 418, 126 L.Ed.2d 364 (1993). The district court's application of the Guidelines to established facts is reviewed de novo, with "due deference" to the sentencing court. 18 U.S.C.

---

**2.** Although the circumstances of the third conviction are not clear from the record, appellant now

acknowledges three prior criminal convictions, as reflected in the Presentence Report.

§ 3742(e); *United States v. Shoulberg,* 895 F.2d 882, 884 (2d Cir.1990).

The Guidelines provide for a two-level enhancement for obstruction of justice if a defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1. The commentary to this section includes a number of application notes that underscore the importance of the identity of the person to whom false information is provided. For example, if that person is "a judge or magistrate," the enhancement applies to anyone who "provid[es] materially false information." U.S.S.G. § 3C1.1, comment. (n. 3(f)). " 'Material' evidence, fact, statement, or information, as used in this section, means evidence, fact, statement, or information that, *if believed,* would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, comment. (n. 5) (emphasis added); see also *United States v. Rodriguez,* 943 F.2d 215, 217–18 (2d Cir.1991).

On the other hand, if the person to whom false information is provided is "a law enforcement officer," the enhancement applies only if such information "significantly obstructed or impeded the official investigation or prosecution of the instant offense." U.S.S.G. § 3C1.1, comment. (n.3(g)). Thus, the application notes provide that "providing a false name or identification document at arrest, except where such conduct *actually resulted* in a significant hindrance to the investigation or prosecution of the instant offense" does "not warrant application of this enhancement, but ordinarily can appropriately be sanctioned by the determination of the particular sentence within the otherwise applicable guideline range." U.S.S.G. § 3C1.1, comment. (n.4(a)) (emphasis added). Similarly, Application Note 4(b) provides that the enhancement is not warranted for "making false statements, not under oath, to law enforcement officers, unless Application Note 3(g) above applies."

## B. Application of § 3C1.1 to Appellant

Appellant's principal arguments are that even though he lied with regard to his identity, nationality and prior arrests, he lied only to the arresting officers and his lies did not "significantly" obstruct or impede the government's "investigation or prosecution" of the offense. This is so, appellant argues, because the government never believed him, and because the government would have obtained the correct information—as it did—through a routine investigation that was not made any more difficult by the false statements.

These arguments, however, do not go far enough. It is not true that appellant lied only to the arresting officers. As the transcript of the July 9 hearing before the magistrate judge makes clear, appellant also lied to the magistrate judge by submitting a financial affidavit under a false identity. Appellant argues that the district court did not specifically find that he had lied to the magistrate judge at the July 9 presentment, and that in fact the transcripts of appellant's two appearances before a magistrate judge were not before Judge Leval. Nevertheless, Judge Leval knew that appellant had appeared before the magistrate judge using a false identity. Common sense suggests that the reason appellant sought to conceal his true identity on July 9, and thus his criminal record, from the magistrate judge was appellant's hope of being released on bail. See *United States v. Yerks,* 918 F.2d 1371, 1375 (8th Cir.1990); cf. *United States v. Ojo,* 916 F.2d 388, 390, 392–93 (7th Cir.1990). Judge Leval clearly had this in mind when he referred to appellant's

> false statement denying the arrests ..., coupled with the false identity and false designation of nationality, the complex of false statements, in particular because they included the falsity with respect to a prior record ... a matter that is critical to the issue in a detention hearing....

Appellant's false statement to a judicial officer (the magistrate judge) was an attempt to obstruct justice. Therefore, the district court properly Applied the enhancement under Application note 3(f) even though appellant's true identity (but not his three recent convictions) was discovered before the detention hearing on July 13 and he was ordered detained. See *Yerks,* 918 F.2d at 1375.

In sum, we hold that the district court correctly applied the enhancement for obstruction of justice. Under the circumstances, we need not decide whether appellant also obstructed justice by submitting to the district court a plea agreement that assumed no prior convictions even though appellant obviously knew that he had a criminal record, or by initially misleading the district court as to his place of birth when his plea was taken.

The decision of the district court is affirmed.