USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2093 UNITED STATES, Appellee, v. JERMAINE THOMAS, A/K/A JEROME SCOTT, A/K/A JT, A/K/A CRAZY, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Deborah L. Potter and Law Office of William Maselli on brief for _________________ ______________________________ appellant. Jay P. McCloskey, United States Attorney, George T. Dilworth, _________________ ____________________ Assistant United States Attorney, and Helene Kazanjian, Assistant ________________ United States Attorney, on brief for appellee. ____________________ June 25, 1996 ____________________ Per Curiam. Appellant-defendant Jermaine Thomas appeals __________ from his sentence on the sole ground that the district court erred in enhancing his base offense level by two levels for obstruction of justice. See U.S.S.G. 3C1.1. "The question ___ whether the scope of 3C1.1 encompasses [defendant's] conduct is subject to de novo review." United States v. __ ____ ______________ Moreno, 947 F.2d 7, 10 (1st Cir. 1991). Fact-bound ______ determinations, however, are reviewed for clear error. United ______ States v. St. Cyr, 977 F.2d 698, 705-06 (1st Cir. 1992). ______ ________ "The facts constituting obstruction of justice for sentencing purposes need only be established by a preponderance of the evidence." United States v. Mafanya, 24 F.3d 412, 414 (2d ______________ _______ Cir. 1994). The district court found that there was a "shift in prosecution resources and attention from federal adult to state juvenile" and back again as a result of Thomas' misstatements at the time of his arrest. That finding was supported by the record which included a financial affidavit filed in federal court on the date of Thomas' arrest and documentation of Thomas' presence in juvenile court several days later. The district court did not err in concluding that the shift in prosecution resources and attention constituted a "significant hindrance" within the meaning of  3C1.1, comment. (n.4(a)).  -2- -2- That Thomas eventually was indicted by the same grand jury as his codefendants, does not preclude a finding of a significant hindrance. Prosecution resources were diverted as a result of Thomas' false statements at the time of his arrest, requiring the prosecution of Thomas to proceed differently than if the false statements had not been made. See United States v. McCoy, 36 F.3d 740, 742 (8th Cir. 1994) ___ _____________ _____ (affirming two-level enhancement for obstruction of justice where "additional effort" was expended as a result of defendant's use of an alias at the time of a prior arrest).  The cases that Thomas relies upon are inapposite. In United States v. Manning, 955 F.2d 770, 774-75 (1st Cir. ______________ _______ 1992), we held that defendant's use of an alias and false birthdate at the time of his arrest did not constitute a "significant hindrance" where it was "unclear [from the record] that the investigation would have proceeded any differently or any faster had Manning [told the truth] at the time of his arrest." In this case, by contrast, the record reveals that the federal prosecution of Thomas was halted as a result of his misstatements to the arresting officers, and recommenced only after his true identity and age were discovered. See also United States v. Bell, 953 F.2d 6, 9 ________ _____________ ____ (1st Cir. 1992) ("there was no showing or even assertion by the government [that the investigation or prosecution had been impeded]"). -3- -3- Thomas argues that the enhancement does not apply to his case because he did not "willfully" obstruct or impede the administration of justice. See U.S.S.G. 3C.1. He alleges ___ that his intent in lying about his name and age was to avoid being placed in an adult prison, not to avoid federal prosecution. Thomas' conduct appears to fall within the plain language of one of the listed examples of conduct meriting the enhancement because he did, and did knowingly, provide "a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense." Id., ___ comment. (n.3(g)). On the other hand, there is case law that the defendant must have a specific intent to obstruct ________________ justice, "i.e., . . . . the defendant consciously acted with ____ the purpose of obstructing justice." United States v. Reed, _____________ ____ 49 F.3d 895, 900 (2d Cir. 1995). See also United States v. ________ _____________ Gonzalez, 12 F.3d 298, 299-300 (1st Cir. 1993). ________ We need not decide in this case whether this specific intent requirement should be superimposed on the explicit examples given in the guideline commentary, because the enhancement is valid even on such a premise. The guideline itself imposes the enhancement for willful obstruction or attempted obstruction of "the administration of justice" during the complete proceeding from investigation through ______ sentencing. It covers not only obstructions of -4- -4- "investigations," "prosecutions" or "sentencing" but of the entire "administration of justice" in relation to the defendant's case so long as the obstruction occurs during the period specified. Thus, the defendant's use of a false identity in the hope of being released on bail is an obstruction of justice, see Mafanya, 24 F.3d at 415, because the grant or denial of ___ _______ bail is part of the process. A determination as to whether a defendant should be held in an adult facility or in a juvenile detention seems to us scarcely less a part of the administration of justice and involves policies and consequences that are far from trivial. Since on Thomas' own version of events he did have a specific intent to affect this choice by lies as to his age, we think that he had the requisite specific intent to obstruct the administration of justice, even assuming that something beyond conduct falling within the commentary is required. Affirmed. See Local R. 27.1. ________ ___ -5- -5-