**UNITED STATES of America,
Appellee,**

v.

**Jorge SENCION, Defendant–Appellant.**

No. 00–1306.

United States Court of Appeals,
Second Circuit.

Jan. 18, 2001.

David A. Lewis, Legal Aid Soc'y, Fed. Def. Div.App. Bur., N.Y., NY, for appellant.

Lawrence Gerschwer, Ass't U.S. Att'y, SDNY, N.Y., NY, for appellee.

Present KEARSE, JACOBS, CABRANES, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

■ Defendant Jorge Sencion appeals from a judgment entered in the United States District Court for the Southern District of New York following his plea of guilty before Loretta A. Preska, *Judge,* convicting him of possession of heroin with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and sentencing him principally to 63 months' imprisonment, to be followed by a three-year term of supervised release. In calculating Sencion's sentence, the district court included a two-step increase in offense level for obstruction of justice pursuant to § 3C1.1 of the United States Sentencing Guidelines ("Guidelines") on the ground that Sencion, in his affidavit supporting a motion to suppress heroin found in a search of his travel bag, falsely stated that the bag had been searched without his permission. On appeal, Sencion challenges his sentence, contending principally that the court's finding that his statement was willful improperly conflated the concepts of willfulness and materiality. For the reasons that follow, we affirm.

■ The Guidelines provide for a two-step increase in offense level where the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the ... prosecution ... of the instant offense of conviction." Guidelines § 3C1.1. Conduct to which this adjustment applies includes "providing materially false information to a judge or magistrate," *id.* Application Note 4; a statement is "material[]" when, "if believed, would tend to influence or affect the issue under determination," *id.* Application Note 6. A defendant's knowingly false statement in an affidavit submitted in support of a motion to suppress is material if the statement could have influenced disposition of the suppression motion. *See, e.g., United States v. Lincecum,* 220 F.3d 77, 80 (2d Cir.2000) (per curiam); *United States v. Ahmad,* 202 F.3d 588, 593 (2d Cir.2000); *see also United States v. Matos,* 907 F.2d 274, 276 (2d Cir.1990) (same re knowingly false testimony at suppression hearing).

■ In order to warrant the obstruction enhancement, the defendant's materially false statement must have been made "with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan,* 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993); *see* Guidelines § 3C1.1 Application Note 2. "The willfulness requirement means that the enhancement is appropriate only upon a finding that the defendant had the specific intent to obstruct justice, i.e., that the defendant consciously acted with the purpose of obstructing justice." *United States v. Zagari,* 111 F.3d 307, 328 (2d Cir.1997) (internal quotation marks omitted); *see also United States v. Reed,* 49

F.3d 895, 900 (2d Cir.1995) ("the term 'willfully' implies a *mens rea* requirement"); *United States v.. Onumonu,* 999 F.2d 43, 46 (2d Cir.1993). "Where the district court finds that the defendant 'has clearly lied' in a statement made 'under oath,' the 'court need do nothing more to satisfy *Dunnigan* than point to the obvious lie and find that the defendant knowingly made a false statement on a material matter.'" *United States v. Lincecum,* 220 F.3d at 80 (quoting *United States v. Williams,* 79 F.3d 334, 337–38 (2d Cir. 1996)).

Facts, for purposes of sentencing, need be established only by a preponderance of the evidence. *See, e.g., United States v. Mafanya,* 24 F.3d 412, 414 (2d Cir.1994). The decision as to whose testimony to credit and as to which of competing inferences to draw is within the province of the trier of fact. *See, e.g., Anderson v. Bessemer City,* 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). The court's factual findings with respect to sentencing are reviewed only for clear error. *See* 18 U.S.C. § 3742(e); *United States v. Mafanya,* 24 F.3d at 414. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. Bessemer City,* 470 U.S. at 574; *see United States v. Yellow Cab Co.,* 338 U.S. 338, 342, 70 S.Ct. 177, 94 L.Ed. 150 (1949).

In the present case, Sencion moved to suppress narcotics found in his bag on the ground that the warrantless search violated his rights under the Fourth Amendment; in his affidavit supporting the motion, Sencion stated, "an agent opened and searched my bag without my permission." On the strength of this affidavit, the district court held an evidentiary hearing into whether in fact Sencion had consented to the search of his bag. Sencion did not testify. The arresting officers testified that one of them asked Sencion for permission to search the bag and that Sencion's response was, in words or in substance, "Go Ahead." Sencion's contention that the evidence of his consent was weak because the statements of the officers were inconsistent as to the details of the consent and search is an argument more properly made to the factfinder. The district court evaluated the evidence, including Sencion's affidavit and evidence of prior instances in which testimony by one of the arresting officers had not been credited, and chose to credit the officers' testimony. The court stated that "in response to the officers' inquiry if they could search the bag, I find that Mr. Sencion's consent was entirely voluntary." Given the record, we are not entitled to overturn the court's finding that consent was given.

With respect to the obstruction enhancement in sentencing, the district court relied on the evidence presented in connection with the suppression motion, adhering to its finding that Sencion had voluntarily given permission for the search of his bag, and finding therefore that Sencion's denial that he had given that permission was false. Sencion proffered no evidence as to his state of mind when he denied in his affidavit that he had given permission, and the court found that Sencion's false denial that he had given permission was willful. In reaching that conclusion, the court noted that the question of whether permission had been given was not a mere detail; rather, the very purpose of Sencion's denying that he had given permission was to secure suppression of the evidence. The court found it "impossible" to believe that Sencion's statement that he had not given permission "ha[d] been made negligently, mistakenly, or for any other innocent reason." We see no clear error in this inference. Findings as to mental state generally must be made on the basis of circumstantial evidence,

and it was entirely permissible for the court as factfinder to consider the role and importance of the fact asserted in order to assess the likelihood that its false assertion was accidental or the product of faulty memory. We reject the contention that the court improperly conflated the issues of willfulness and materiality.

We have considered all of Sencion's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.