[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

No. 99-1846

UNITED STATES,

Appellee,

v.

RAMON OLIVERAS A/K/A VIDAL,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Selya, Boudin and Lynch,
Circuit Judges.

Susan E. Taylor on brief for appellant.
Donald K. Stern, United States Attorney, and Michael
Ricciuti, Assistant U.S. Attorney, on Motion for Summary
Disposition for appellee.

May 10, 2001

**Per Curiam**.  Ramon Oliveras appeals from his sentence on the ground that the district court erred in enhancing his base offense level for obstruction of justice under section 3C1.1 of the United States Sentencing Guidelines (U.S.S.G.) and in failing to grant his request for a downward departure from the guideline sentencing range, pursuant to U.S.S.G. § 4A1.3.  The government has filed a Motion for Summary Disposition, pursuant to Loc. R. 27(c).

## I. Obstruction of Justice

Oliveras received a two-level enhancement to his base offense level pursuant to U.S.S.G. § 3C1.1, for willfully obstructing justice by "providing materially false information to a judge or magistrate." § 3C1.1, comment. (n.4(f)).  The defendant admits that he misinformed Pretrial Services about his name and his place of birth and that he confirmed such misinformation at his bail hearing before a magistrate judge.  Such conduct has been held by this court to constitute obstruction of justice within the meaning of § 3C1.1. See United States v. Thomas, 86 F.3d 263, 264 (1st Cir. 1996); United States v. Biyaga, 9 F.3d 204, 206 n.2 (1st Cir. 1993).

Oliveras now argues that the district court erred by granting the enhancement without making a factual finding that Oliveras acted willfully.  As the willfulness argument was not made below, we will apply the plain error standard of review. See United States v. Rivera-Ruiz, 244 F.3d 263, 272 (1st Cir. 2001).  This court has not decided "whether [a] specific intent requirement should be superimposed on the explicit examples given in the guideline commentary." Thomas, 86 F.3d at 264.  Even if such a requirement exists, however, this court has stated that it "do[es] not demand that judges, when explaining the bases for their rulings, 'be precise to the point of pedantry.'" Id.

Viewed in context, the district court's finding that "what Mr. Diaz did did constitute obstruction of justice," implicitly included a finding that Oliveras acted "willfully." See United States v. Mafanya, 24 F.3d 412, 415 (2d Cir. 1994)(reasoning that "[c]ommon sense suggests that the reason appellant sought to conceal his true identity on July 9, and thus his criminal record, from the magistrate judge was appellant's hope of being released on bail").  In the absence of any alternative explanation or motive for defendant's admittedly false statements to Pretrial Services, the district court's enhancement of Oliveras' base

offense level for willful obstruction of justice does not constitute plain error.

## II. Denial of Downward Departure

Oliveras argues that the district court erred in refusing to grant him a downward departure from the guideline sentencing range, pursuant to U.S.S.G. § 4A1.3, because his criminal history category over-represented the seriousness of his criminal history. "Generally, an appellate court lacks jurisdiction to review a sentencing court's discretionary decision not to depart below the guideline sentencing range. An exception to this general rule applies when the sentencing court's decision not to depart is based upon its belief that it lacks the authority or power to depart." United States v. Mangos, 134 F.3d 460, 465 (1st Cir. 1998) (citations omitted).

The exception does not apply here. Nothing in the record indicates that the district court believed it lacked authority to depart downward in this case. Instead, the record indicates that the district court understood that it had authority to depart pursuant to U.S.S.G. § 4A1.3, but that it exercised its discretion in declining to make such a departure. We lack jurisdiction to review this claim. See United States v. Baltas, 236 F.3d 27, 40 (1st Cir. 2001).

-4-

The government's Motion for Summary Disposition is granted. Oliveras' sentence is <u>affirmed</u>. <u>See</u> Loc. R. 27(c).