**UNITED STATES of America,**
**Appellee,**

v.

**Jose Vallespi MENDOZA,**
**Defendant–Appellant.**

**Docket No. 00–1769.**

United States Court of Appeals,
Second Circuit.

June 19, 2001.

Maurice H. Sercarz, N.Y., NY, for appellant.

Christopher J. Clark, Ass't U.S. Att'y, SDNY, N.Y., NY, for appellee.

Present KEARSE, STRAUB and SACK, Circuit Judges.

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was submitted by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant Jose Vallespi Mendoza appeals from a judgment entered upon his plea of guilty in the United States District Court for the Southern District of New York, convicting him of having unlawfully transported or received in interstate commerce a firearm with an altered or obliterated serial number, in violation of 18 U.S.C. § 922(k), and sentencing him principally to 12 months' imprisonment, to be followed by a three-year term of supervised release. On appeal, Mendoza contends that the district court erred in enhancing his sentence pursuant to § 3C1.1 of United States Sentencing Guidelines ("Guidelines") for obstruction of justice based on his statements in an affidavit in support of a motion to suppress the firearm. Finding no merit in his contentions, we affirm.

The Guidelines provide for a two-step increase in offense level where the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the ... prosecution ... of the instant offense of conviction." Guidelines § 3C1.1. The willfulness requirement means that

the enhancement is appropriate where the defendant's materially false statement was made "with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan,* 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993); *see* Guidelines § 3C1.1 Application Note 2. Conduct to which this adjustment applies includes "providing materially false information to a judge," *id.* Application Note 4; a statement is "material[ ]" when, "if believed, [it] would tend to influence or affect the issue under determination," *id.* Application Note 6. A defendant's knowingly false statement in an affidavit submitted in support of a motion to suppress is material if the statement could have influenced disposition of the suppression motion. *See, e.g., United States v. Lincecum,* 220 F.3d 77, 80 (2d Cir.2000) (per curiam); *United States v. Ahmad,* 202 F.3d 588, 593 (2d Cir.2000). "Where the district court finds that the defendant 'has clearly lied' in a statement made 'under oath,' the 'court need do nothing more to satisfy *Dunnigan* than point to the obvious lie and find that the defendant knowingly made a false statement on a material matter.'" *United States v. Lincecum,* 220 F.3d at 80 (quoting *United States v. Williams,* 79 F.3d 334, 337–38 (2d Cir. 1996)).

■ Facts, for purposes of sentencing, need be established only by a preponderance of the evidence. *See, e.g., United States v. Mafanya,* 24 F.3d 412, 414 (2d Cir.1994). The court's factual findings are reviewed only for clear error. *See* 18 U.S.C. § 3742(e); *United States v. Mafanya,* 24 F.3d at 414. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. Bessemer City,* 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *see United States v.*

*Yellow Cab Co.,* 338 U.S. 338, 342, 70 S.Ct. 177, 94 L.Ed. 150 (1949).

■ In the present case, Mendoza was arrested after he fled from police officers who saw him pull an object from his waistband and throw it into a pile of refuse on the street; one of the officers then searched the pile and found a 9–millimeter Ruger with a defaced serial number. Charged with two counts of firearm violations, Mendoza moved to suppress the gun; his supporting affidavit stated, *inter alia,* that he had not removed a gun from his waistband and discarded it. In allocuting to his plea of guilty, Mendoza admitted that on the date in question he had been carrying a 9–millimeter Ruger with a defaced serial number. In making its findings, the district court, without objection from Mendoza, adopted the factual recitation in the presentence report, which had, in turn, incorporated the factual summary set out in the criminal complaint initiating this prosecution; the complaint described the officers' observation of Mendoza pulling an object from his waistband and throwing it into the refuse pile where the gun was found. The court concluded that Mendoza's affidavit statement was false, and that it "was not as a result of confusion, mistake, or faulty memory, and that Mr. Mendoza gave false testimony concerning a material matter with willful intent to impede the investigation and obstruct justice." (Sentencing Transcript, November 21, 2000 ("S.Tr.") at 13–14.) These findings are not clearly erroneous and were sufficient, within the above legal framework, to support the obstruction enhancement.

The effort of counsel to deflect the enhancement by stating that he drafted the affidavit, and that perhaps Mendoza misunderstood its import, is unpersuasive. Counsel stated that he drafted the affidavit after "conversations with my client on the

subject of his guilt or innocence of the charges, and the course that he might wish to pursue with regard to the litigation." (S.Tr.6.) Nor is it a ground for reversal that Mendoza's affidavit, even if truthful, would not have led to the suppression of the gun because of his lack of standing. The Guidelines allow the court to impose the obstruction enhancement for unsuccessful attempts as well as for successful obstructions.

We have considered all of Mendoza's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.