

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-19-2003

# USA v. Brown

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3455

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Brown" (2003). *2003 Decisions.* Paper 101.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/101

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case Nos: 02-3455 and 02-3479

UNITED STATES OF AMERICA

v.

DARRYL L. BROWN,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Nos. 01-CR-00204-1 and 01-CR-00205-1)
District Judge: The Honorable Mary A. McLaughlin

_____

Submitted Pursuant to LAR 34.1
November 4, 2003

Before: McKEE, SMITH, and WEIS, *Circuit Judges*

(Filed: November 19, 2003)

_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge.*

Defendant Darryl Brown pleaded guilty to four counts of conspiracy to commit

bank fraud, identify theft, and wire fraud, 27 counts of interstate transportation of stolen

motor vehicles, seven counts of bank fraud, and four counts of fraudulent use of a Social

Security account number. At sentencing, the District Court determined that Brown had obstructed justice by falsely stating to agents of the Federal Bureau of Investigation ("FBI") that one of Brown's co-defendants received thousands of dollars in kickbacks from Brown during the course of the conspiracy. Brown admitted at sentencing that his statements were materially false and that they significantly obstructed or impeded the investigation and prosecution of his co-defendant.[1] Based on these false statements, the District Court enhanced Brown's offense level by two levels for obstruction of justice under U.S.S.G. § 3C1.1, and refused to apply the three-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1.

Brown appeals only the District Court's denial of the acceptance of responsibility reduction under § 3E1.1. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Section 3E1.1 of the Sentencing Guidelines provides for a reduction in offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." Whether a defendant clearly demonstrates acceptance of responsibility is

---

[1] Prior to sentencing, the District Court held an evidentiary hearing on Brown's motion to compel specific performance of his plea agreement. At the conclusion of the hearing, the District Court determined that Brown's statements to the FBI were false, and that Brown had thereby breached the terms of his plea agreement. The District Court also determined that Brown perjured himself during the evidentiary hearing by repeating the false statements that were made to the FBI.

"essentially factual" and is therefore reviewed for clear error only. *United States v. Ortiz*, 878 F.2d 125, 128 (3d Cir. 1989); *see* 18 U.S.C. § 3742(e).[2] Clearly demonstrating acceptance of responsibility requires a genuine show of contrition, *United States v. Muhammad*, 146 F.3d 161, 168 (3d Cir. 1998), and the defendant bears the burden of establishing by a preponderance of the evidence that he is entitled to the reduction, *United States v. Rodriguez*, 975 F.2d 999, 1008 (3d Cir. 1992).

Application Note 4 to § 3E1.1 counsels: "Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." *See also Stinson v. United States*, 508 U.S. 36, 38 (1993) (commentary to the guidelines is binding unless it violates the Constitution or a federal statute, or is inconsistent with the guideline it interprets). Application Note 4 recognizes a "logical inconsistency" between obstruction of justice and acceptance of responsibility. *United States v. Gonzales*, 12 F.3d 298, 300 (1st Cir. 1993); *see also United States v. Honken*, 184 F.3d 961, 970 (8th Cir. 1999) ("[W]hen the Commission refers to an 'extraordinary case,' it means a situation that is extremely rare and highly exceptional.").

---

[2] We exercise plenary review over the District Court's interpretation and legal applications of the Sentencing Guidelines. *United States v. Figueroa*, 105 F.3d 874, 875-76 (3d Cir. 1997).

Before the District Court and on appeal, Brown argues that he truthfully admitted *his own* criminal conduct and entered a timely plea of guilty prior to trial, in accordance with Application Notes 1-3 of § 3E1.1. Brown argues that his is one of the "extraordinary cases" contemplated by Application Note 4, because his false statements concern, not his own conduct, but the conduct of a co-defendant.

Whether a given defendant presents one of the "extraordinary cases" warranting adjustment under both §§ 3E1.1 and 3C1.1 requires consideration of the totality of the circumstances, including the nature of the defendant's obstructive conduct and the degree of the defendant's acceptance of responsibility. *See Honken*, 184 F.3d at 968. That Brown's false statements concerned the conduct of a co-defendant rather than his own conduct may, in certain cases, diminish the tension between §§ 3C1.1 and 3E1.1, but it is by no means dispositive.

At sentencing, the District Court reviewed Brown's cooperation with law enforcement and explored at length the relationship between Brown's obstructive conduct and the offense for which he was convicted. The District Court nevertheless found that Brown's case was not "extraordinary or out of the ordinary" so as to merit a reduction for acceptance of responsibility. "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." U.S.S.G. § 3E1.1 Application Note 5. This is no less true with respect to whether a defendant's obstructive conduct is inconsistent with a genuine showing of remorse or whether the obstruction is substantially outweighed by

4

other conduct demonstrating acceptance of responsibility. *See also United States v. Singh*, 923 F.2d 1039, 1043-44 (3d Cir. 1991). In light of the nature of Brown's obstruction and the principles underlying Application Note 4 to § 3E1.1, we cannot say that the District Court's finding is clearly erroneous. *United States v. Bass*, 54 F.3d 125, 128 (3d Cir. 1995) (District Court's factual findings are clearly erroneous only if "we are left with the definite and firm conviction that a mistake has been committed"). Accordingly, we will affirm the judgement of the District Court.

_____

By the Court,

  /s/ D. Brooks Smith
Circuit Judge

5