**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1735

UNITED STATES OF AMERICA,

Appellee,

v.

JOSE DEL CARMEN CORCINO-RAMIREZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before

Boudin, Chief Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

Edward DeAngelo, on brief for the appellant.
Kenneth P. Madden, Donald C. Lockhart, Assistant United States Attorneys, and Robert Clark Corrente, United States Attorney, on brief for the appellee.

October 21, 2005

**Per Curiam**.  Jose Del Carmen Corcino-Ramirez, a/k/a Juan Rosado-Rivera, pled guilty to heroin trafficking charges and was sentenced to 97 months in prison.  On appeal, he claims that the district court erred in enhancing his offense level for obstruction of justice based on his materially false statements about his identity and citizenship and, because of that obstruction, declining to reduce his offense level for acceptance of responsibility.  He also claims that he is entitled to be resentenced under United States v. Booker, 125 S. Ct. 738 (2005). Finding those claims of error to be without merit, we affirm.

A.  Obstruction of Justice

Guidelines section 3C1.1 provides for a two-level enhancement of the offense level where "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction." The commentary to this adjustment advises that it applies to, among other kinds of conduct, "providing materially false information to a judge or magistrate."  USSG § 3C1.1, comment. (n.4(f)). On appeal, defendant challenges the obstruction of justice enhancement on two grounds--that he did not "willfully" provide false information and that the false information he provided, concerning his identity and citizenship, was not material.

-2-

The short answer to defendant's willfulness argument is that he waived it by conceding in the trial court that his false statements were willfully made.[1] <u>United States</u> v. <u>Ruiz-Garcia</u>, 886 F.2d 474, 476 (1st Cir. 1989). Moreover, even if this argument is viewed as merely forfeited--and therefore subject to plain error review, <u>United States</u> v. <u>Rivera-Ruiz</u>, 244 F.3d 263, 272 (1st Cir. 2001)--the district court did not plainly err in finding that defendant's falsehoods were willful, given defendant's repeated use of a false name and misrepresentation of his citizenship over a five-month period to pre-trial services, a magistrate judge, and the district court--including manufactured details about his purported birth and early childhood in the United States--and the absence of any innocent explanation of defendant's motive for doing so. <u>See</u> <u>United States</u> v. <u>Fox</u>, 393 F.3d 52, 61 (1st Cir. 2004).

Nor has defendant met his heavy burden of challenging the district court's materiality finding on appeal. <u>See</u> <u>United States</u> v. <u>Feldman</u>, 83 F.3d 9, 13 (1st Cir. 1996). In making that finding, the district court focused primarily on the materiality of defendant's misrepresentation of United States citizenship to the magistrate judge's consideration of whether or not to grant him

---

[1]In response to defense counsel's characterization of defendant's lying to the court about his name and citizenship as a "mistake," the district court said, "Well, I don't call it a mistake. I call it a willful act," at which point defense counsel conceded: "That's fine. His erroneous willful act, then. He should not have done that . . . . He knows that, and he knew it then . . . ."

bail.  Defendant's argument that the bail determination ultimately did not turn on that information (since bail was denied on other grounds) is unavailing because materiality does not depend on whether the false information actually affected the bail determination but only on whether it could have done so.  United States v. Berrios, 132 F.3d 834, 840 (1st Cir. 1998); United States v. Restrepo, 53 F.3d 396, 397-98 (1st Cir. 1995).  The district court's finding that defendant's citizenship was material, in that sense, to the bail determination is not clearly erroneous.[2]  United States v. Biyaga, 9 F.3d 204, 206 n.2 (1st Cir. 1993).

B.  Acceptance of Responsibility

Where, as here, the district court has properly granted an upward adjustment for obstruction of justice, a defendant bears the burden of demonstrating that his case is so "extraordinary" as to warrant an exception to the general rule that "[c]onduct resulting in an enhancement [for obstruction of justice] ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct."  USSG § 3E1.1, comment. (n.4); see also United States v. Gonzalez, 12 F.3d 298, 300 (1st Cir. 1993).  Here, defendant argues that his case was extraordinary because he

---

[2]Because we conclude that the district court correctly granted an upward adjustment based on defendant's material misrepresentations to the magistrate judge at the bail hearing, we need not consider whether his similar misrepresentations to pre-trial services and to the district judge further supported an upward adjustment under this section.

attempted to correct his falsehoods shortly after the court accepted his guilty plea. The district court rejected that argument as, essentially, too little, too late. Given that defendant waited more than four months to correct his repeated false statements, that finding was not clearly erroneous.

C. *Blakely/Booker* Error

Defendant concedes that he did not preserve his Blakely/Booker claim below and that the plain error standard therefore applies. However, before arguing that he is entitled to resentencing under the plain error standard articulated by this court in United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005), he argues that we should reconsider that standard and conclude, instead, that a defendant need not show prejudice to establish plain error. We have repeatedly rejected such arguments as beyond the power of a post-Antonakopoulos panel, see, e.g., United States v. Villafane-Jimenez, 410 F.3d 74, 85 (1st Cir. 2005) (per curiam); United States v. Bailey, 405 F.3d 102, 114 (1st Cir. 2005); and, for the same reason, we do so here.

Alternatively, in an attempt to show "a reasonable probability that the district court would impose a different sentence more favorable to the defendant under the new 'advisory Guidelines' Booker regime," Antonakopoulos, 399 F.3d at 75, defendant points to the fact that he was sentenced at the bottom of the applicable Guidelines range and to various allegedly mitigating

factors that were already proffered and rejected at his original sentencing. That showing is insufficient to insufficient to satisfy the third element of the plain error test. See United States v. Sánchez-Berríos, 2005 WL 2277629, at *9 (1st Cir. Sept. 20, 2005); United States v. McLean, 409 F.3d 492, 505 (1st Cir. 2005).

For the above reasons, the district court's judgment is affirmed. See Local R. 27(c).