**UNITED STATES of America,
Appellant,**

v.

**Graciela ORTIZ, Defendant–Appellee.**

**Docket No. 00–1577.**

United States Court of Appeals,
Second Circuit.

Argued: March 29, 2001.

Decided: May 22, 2001.

Marc L. Greenwald, Assistant United States Attorney, NY, (Mary Jo White, United States Attorney for the Southern District of New York, Jamie L. Kogan, Cathy Seibel, Assistant United States Attorneys, New York, NY, on the brief), for Appellant.

Richard H. Rosenberg, New York, NY, for Defendant–Appellee.

Before: OAKES and STRAUB, Circuit Judges, and RAKOFF, District Judge.*

RAKOFF, District Judge:

Graciela Ortiz, appellee here, was charged in three counts with conspiring to distribute, and distributing, large quantities of cocaine and heroin. At her trial, she mounted an elaborate defense culminating in her own testimony over two days during which she repeatedly denied any knowing involvement in the charged offenses. The jury, discrediting this testimony, convicted on all counts. Ortiz then sought to avail herself of the provision of 18 U.S.C. § 3553(f), commonly called the "safety valve," by which a defendant can seek relief from an otherwise applicable mandatory minimum sentence (here, ten years) by "truthfully provid[ing] to the Government all information and evidence the defendant has concerning the offense or offenses. . . ." In seeking to so qualify, Ortiz admitted that she had lied at trial and that she had long been knowingly involved in the narcotics trade, including the instant offenses. She further claimed that she had testified falsely at trial in response to threats made a year earlier by certain coconspirators who had told her to keep quiet about their involvement. While the Government argued that this could

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

hardly account for her then taking the stand to deny her own involvement and attribute the blame to others, the district court, crediting Ortiz's proffer, granted "safety valve" status, and the Government does not appeal from this ruling. Additionally, however, the district court, after imposing the two-level upward adjustment to Ortiz's offense level required by her confession of perjury, determined that the perjury was nonetheless "aberrant behavior" warranting an offsetting, two-level downward departure. It is from this latter determination that the Government appeals.

Section 3C1.1 of the United States Sentencing Guidelines requires a two-level increase in a defendant's offense level if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S. Sentencing Guidelines Manual § 3C1.1 (1997).[1] The adjustment applies, *inter alia*, to "committing, suborning, or attempting to suborn perjury." *Id.* cmt. n. 3(b). Rejecting a Fourth Circuit view that the mandatory nature of the adjustment unconstitutionally burdens a defendant's right to testify, the Supreme Court decided in *United States v. Dunnigan*, 507 U.S. 87, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993), that such concerns must yield to the overriding importance of truth-finding and that accordingly, "[u]pon a proper determination that the accused has committed perjury at trial, an enhancement of sentence is required by the Sentencing Guidelines." *Id.* at 98, 113 S.Ct. 1111. Any remaining doubt as to whether the adjustment is mandatory was removed by this Court's decision in *United States v. Lincecum*, 220 F.3d 77 (2d Cir.

2000), which concluded that "[u]nder the Guidelines ... the sentencing court is required to adjust a defendant's offense level upward" if the defendant obstructed justice. *Id.* at 80.

Here, Ortiz admitted to having knowingly and repeatedly perjured herself about material matters, and the district court expressly found, by clear and convincing evidence, that she did so willfully in order to try to obstruct justice in this case. Yet the district court concluded that the resultant two-point upward adjustment in her offense level should be offset by a two-point downward departure because the perjury was "aberrant behavior." Although couched as two separate determinations, the effect was to introduce into the otherwise mandatory upward adjustment for perjury an exception for cases where the perjury is aberrant.

Nothing in U.S.S.G. § 3C1.1 remotely suggests that its mandatory upward adjustment is inapplicable to "aberrant" perjury or can otherwise be offset or conditioned in this way. The clear thrust of *Dunnigan* is also to the contrary. The district court, while candidly recognizing that it was proceeding beyond established precedent, found inferential support for its approach in the provision for an "aberrant behavior" departure set forth in our prior caselaw, *see, e.g.*, *Zecevic v. United States Parole Comm'n*, 163 F.3d 731, 734 (2d Cir.1998); *United States v. Ritchey*, 949 F.2d 61, 63 (2d Cir.1991) (per curiam), now largely codified in U.S.S.G. § 5K2.20 (2000). But the departure set forth in that caselaw (and in the subsequent Guideline) is addressed to the underlying offense of conviction, and there is no suggestion that it may also constitute, as the district court believed, an implied exception to every

1. As the instant offense conduct occurred in January 1998, the 1997 version of the Sentencing Guidelines Manual is applicable to this case, and all references to the Guidelines herein are to that version unless otherwise noted.

sentence adjustment. Indeed, if each individual adjustment required under the Sentencing Guidelines were itself subject to nullification on the grounds of aberrance, the entire calculus of the Guidelines and its purpose to limit sentencing disparities would be rendered problematic. As *Dunnigan* recognizes, moreover, the upward adjustment for obstruction of justice is unique, in that it is addressed not to the underlying criminal conduct but to attempts to interfere with the integrity of the truth-finding process regarding that conduct, a context far removed from any of the cases that gave rise to the "aberrant behavior" departure.

We recognize, of course, that the Sentencing "Guidelines" have sometimes acted like a straightjacket, which conscientious courts have struggled to loosen in order to accord substantial justice. But it is one thing to accord flexibility in the interpretation of the Guidelines and quite another to allow a total escape from their basic requirements and structure.

Thus we conclude that the trial court erred in granting the two-level downward departure for aberrant perjury. Accordingly, the judgment of the District Court is VACATED AND REMANDED for further proceedings consistent with this opinion.