UNITED STATES of America,
Appellee–Cross–Appellant,

v.

Moshe MARIGIN, Defendant–
Appellant–Cross–
Appellee,

Christopher Vidal and Stanley
Vazquez, Defendants.

No. 02–1532(L), 02–1618(XAP).

United States Court of Appeals,
Second Circuit.

May 30, 2003.

Barry E. Schulman (Deborah A. Santelmo, on the briefs), Brooklyn, N.Y., for Appellant.

Robin A. Linsenmayer, Assistant United States Attorney, for James B. Comey, United States Attorney for the Southern District of New York (Gary Stein, Assistant United States Attorney, on the brief), New York, N.Y., for Appellees.

PRESENT: WALKER, Chief Judge, MINER, and LEVAL, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Court house, Foley Square, in the City of New York, on the 30th day of May, two thousand three.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District court be and it hereby is AFFIRMED in part, REVERSED in part and REMANDED for resentencing.

Defendant Moshe Marigin appeals from a judgment of conviction entered on September 13, 2002 by the United States District Court for the Southern District of New York. The Government cross appeals with respect to Marigin's sentence.

Marigin pled guilty to conspiracy to distribute and possess with intent to distribute Methylenedioxymethamphetamine ("Ecstasy"), marijuana, and hashish, in violation of 21 U.S.C. § 846. Following a sentencing hearing pursuant to *United States v. Fatico,* 579 F.2d 707 (2d Cir. 1978), Marigin was sentenced to 188 months' imprisonment plus three years' supervised release.

Prior to the defendant's guilty plea, the Government provided Marigin with a letter pursuant to *United States v. Pimentel,* 932 F.2d 1029, 1034 (2d Cir.1991), setting forth the Government's position concerning the application of the Sentencing Guidelines. In that letter, the Government advised Marigin that it calculated his total adjusted offense level to be 31, reflecting a base offense level of 34 and a three-level reduction for acceptance of responsibility. The Government further calculated that, based on a Criminal History Category of I, Marigin's Sentencing Guidelines range would be 108 to 135 months' imprisonment. The *Pimentel* letter also noted, however, that the Government reserved its right "to change its position at any time as to the appropriate Guidelines calculation in this case." In addition, the letter noted that Marigin intended to contest the quantity of narcotics involved in the offense at a *Fatico* hearing, and that if the District court concluded that in so doing Marigin obstructed justice in any way, his offense level could be increased by two levels pursuant to U.S.S.G. § 3C1.1, and Marigin could lose all or part of the three-level reduction for acceptance of responsibility.

On April 5, 2001, Marigin appeared before Judge Hellerstein to enter a guilty plea. At that proceeding, which was conducted in English after the defendant waived his right to a Hebrew interpreter granted by 28 U.S.C. § 1827(d)(1), Marigin disputed the Government's position, as set forth in the *Pimentel* letter, that he was involved in a conspiracy to import and distribute large quantities of Ecstacy. He

claimed that he had participated in only one Ecstacy transaction, involving less than one-half a kilogram of Ecstacy.

At the *Fatico* hearing, the Government established convincingly that contrary to his sworn allocution, Marigin had controlled an Ecstacy distribution organization that had imported more than 100 kilograms of the drug. Consequently, at sentencing, Judge Hellerstein denied Marigin the three-level reduction for acceptance of responsibility mentioned in the Government's *Pimentel* letter. The court added two levels by reason of Marigin's leadership role and sentenced him to 188 months' imprisonment, based on an offense level of 36. The court denied the Government's request for a two-level enhancement based on Marigin's attempted obstruction of justice by his false allocution.

■ Marigin presses three arguments on appeal. First, he argues that the district court's failure to provide a Hebrew interpreter at his guilty plea violated his rights and caused misunderstandings that led the court to deny acceptance of responsibility. As for his claim that his rights were violated, Marigin knowingly and voluntarily waived his right to an interpreter. After learning that an interpreter would not be available on the day scheduled for allocution, Judge Hellerstein offered Marigin the option of adjourning and postponing the proceedings until an interpreter could be present. Marigin twice declined the offer. Furthermore, his claim that the absence of an interpreter caused misunderstanding that led the court to deny acceptance of responsibility is untenable. At his sentencing, with the help of an interpreter, Marigin repeated the same denials of responsibility.

Marigin next argues that the Government's request for an upward adjustment for a leadership role was vindictively motivated by the fact that the defendant opposed the Government's position on relevant conduct, thus requiring the *Fatico* hearing. That argument is waived. Marigin never contended below that the Government was motivated by prosecutorial vindictiveness in seeking an upward adjustment. Accordingly, the district court made no findings on that question. In addition, there is no support for defendant's contention.

Finally, Marigin argues that the Government violated Rule 32 of the Federal Rules of Criminal Procedure by failing to submit written objections to the 30–month sentencing recommendation contained in the Presentence Investigation Report ("PSR"). This argument is without merit. The PSR expressly stated that its conclusions were tentative and subject to the evidence to be developed at the *Fatico* hearing. The defendant furthermore suffered no prejudice from the Government's failure to file a written objection.

■ The Government argues that the district court erred in failing to add two levels based on Marigin's attempted obstruction of justice. At the sentencing hearing, Judge Hellerstein found that the defendant's allocution was "a total effort to mislead and misguide me and to understate the offense. . . . In short, not only is there a failure to accept responsibility but a conscious effort to obstruct justice." Despite this finding, however, the district court chose not to enhance Marigin's sentence pursuant to U.S.S.G. § 3C1.1 because "eliminating the three point credit for acceptance of responsibility is sufficient."

It is well settled that "the obstruction of justice enhancement [under Section 3C1.1] . . . is mandatory once its factual predicates have been established." *United States v. Friedman*, 998 F.2d 53, 58 (2d Cir.1993); *see also, e.g., United States v. Ortiz*, 251 F.3d 305, 306 (2d Cir.2001). When Judge Hellerstein found that "there

was an attempt to obstruct or impede the administration of justice" and that the attempt was "willful," application of the two-level enhancement became mandatory. The court had no discretion to decline to add two levels on the basis that denial of the downward adjustment for acceptance of responsibility accounts sufficiently for the deception.

We therefore remand to the district court with instructions to resentence, adding two levels for obstruction of justice as directed by U.S.S.G. § 3C1.1.

For the reasons set forth above, the decision of the district court is hereby **AFFIRMED** in part, **REVERSED** in part and **REMANDED** for resentencing.