**UNITED STATES of America,**
**Appellee,**

v.

**Christopher VIDAL, Stanley Vazquez, Defendants,**

**Moshe Marigin, Defendant–Appellant.**

**Docket No. 03–1555.**

United States Court of Appeals,
Second Circuit.

June 27, 2005.

Barry E. Schulman (Deborah A. Santelmo, on the brief), Brooklyn, NY, for Appellant.

Robin A. Linsenmayer, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Gary Stein, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, B.D. PARKER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 27th day of June, two thousand and five.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED in part and REMANDED in part.

Defendant Moshe Marigin appeals from the September 9, 2003 order of the district court convicting him, upon a guilty plea, of conspiracy to distribute and possess with intent to distribute Methylenedioxymethamphetamine ("Ecstasy"), marijuana, and hashish, in violation of 21 U.S.C. § 846. Following a sentencing hearing pursuant to *United States v. Fatico*, 579 F.2d 707 (2d Cir.1978), Marigin was sentenced to 188 months' imprisonment plus three years' supervised release.

On a prior appeal, we affirmed Marigin's conviction and rejected all of Marigin's challenges to his sentence. But we reversed the district court's decision not to impose a two-level enhancement for obstruction of justice because the district court's express finding that "there was an attempt to obstruct or impede the administration of justice" and that the attempt was "willful" rendered the enhancement mandatory. *United States v. Marigin*, 66 Fed.Appx. 266, 269 (2d Cir.2003) (Unpublished Table Decision). We therefore remanded to the district court with instructions to re-sentence Marigin, adding two levels for obstruction of justice as directed by U.S.S.G. § 3C1.1. Upon remand, the district court applied the enhancement as directed, and re-sentenced Marigin to 235 months' imprisonment.

In his present appeal, Marigin does not challenge the sentence imposed by the district court on remand. Instead, he argues that recommendations made by the government at his *initial* sentencing for enhancements based on Marigin's leadership role in the conspiracy and for obstruction of justice contradicted the position its had taken in letter pursuant to *United States v. Pimentel*, 932 F.2d 1029, 1034 (2d Cir. 1991). According to Marigin, this asserted about-face violated the principles announced in our decision *United States v. Palladino*, 347 F.3d 29 (2d Cir.2003), a case addressing the extent to which the government is bound by sentencing stipulations contained in plea agreements. This claim is meritless.

 Although *Palladino* did not issue until after Marigin's initial sentence and appeal, Marigin, relying on a similar holding in *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), raised essentially the same argument to the district court prior to his initial sentencing. Marigin then abandoned that claim on his first appeal, and argued instead that the government's request for an upward adjustment based on Marigin's leadership role was vindictively motivated by the fact that he had opposed the government's position on relevant conduct, thereby necessitating a *Fatico* hearing. We held in Marigin's first appeal that this

new claim had been waived because Marigin had not raised it before the district court. We now hold that because Marigin's original challenge to the leadership role enhancement could have been raised in Marigin's first appeal, he is barred from relitigating it now. *See United States v. Stanley,* 54 F.3d 103, 107 (2d Cir.1995) (holding that defendant was barred by mandate rule from litigating on second appeal issue that could have been litigated on first appeal). Finally, with respect to the obstruction enhancement, even assuming Marigin could challenge it now because it was not imposed until resentencing, the challenge is plainly meritless because the predicate for the enhancement—Marigin's perjury at the *Fatico* hearing—did not arise until *after* the government had issued its *Pimentel* letter. After thoroughly considering appellant's remaining arguments and the record below, we find no error in the challenged aspects of the district court's calculations of the sentencing guidelines.

Marigin has moved for a remand pursuant to *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005), which were decided during the pendency of this appeal, and the government does not oppose. We therefore grant the motion and remand Marigin's case to the district court for consideration of resentencing consistent with *Crosby.* We note, moreover, that our affirmance of the district court's calculations in no way limits the discretion afforded to the district court on remand by *Booker* and *Crosby.*

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED in part and REMANDED in part for consideration of resentencing consistent with *United States v. Booker,* —— U.S. ——,

* The Honorable Denny Chin, United States Dis-