**UNITED STATES of America, Appellee,**

v.

**Kenya LINDSAY, Defendant–Appellant.**

**Docket No. 04–0271–CR.**

United States Court of Appeals, Second Circuit.

June 29, 2005.

Laurie S. Hershey, Law Office of Laurie S. Hershey, Manhasset, NY, for Appellant.

Marc P. Berger, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Laura Grossfield Birger, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, WINTER, JACOBS, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Kenya Lindsay appeals from the December 29, 2003 judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*), convicting her of one count of unauthorized use of an access device, in violation of 18 U.S.C. § 1029. She was sentenced to five months' imprisonment followed by five months of home detention, three years of supervised release, restitution in the amount of $18,595, and a $100 special assessment. We assume familiarity with the facts, procedural history, and specification of issues on appeal.

Soon after oral argument in this case, and after Lindsay had served approximately half of her imprisonment term, the Supreme Court issued its deci-

sion in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), which cast doubt on the constitutionality of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). Because it was unlikely that the uncertainty created by *Blakely* would be resolved before Lindsay had served her entire sentence, we *sua sponte* reconsidered Lindsay's previously denied bail motion and granted bail pending appeal. We now hold that as a result of the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Lindsay is entitled to a remand to allow the district court to consider whether to resentence her under the post-*Booker* non-mandatory Guidelines regime, pursuant to the procedure established in this court in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005). However, because the district court on remand will still be obligated to "consider" the Guidelines, we exercise our discretion to adjudicate Guidelines issues before remanding. *See United States v. Fagans*, 406 F.3d 138, 141 (2d Cir.2005).

■ On appeal, Lindsay argues that the district court erred in imposing a two-level upward adjustment for obstruction of justice under U.S.S.G. § 3C1.1 and denying a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. Section 3C1.1 provides for a two-level increase in a defendant's offense level if

> the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and ... the obstructive conduct related to ... the defendant's offense of conviction and any relevant conduct.

U.S.S.G. § 3C1.1. The adjustment applies where a defendant, testifying under oath,

gives "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). The district court's imposition of the enhancement in this case was predicated on its finding that Lindsay attempted to obstruct justice by giving false testimony at a hearing in which she sought to suppress statements she had made to investigators after surrendering herself for arraignment. Lindsay asserted in the motion that she had given the statements during a prearraignment interrogation without counsel present only because the investigators assured her such cooperation would result in a deferred prosecution.

It is well settled that "[t]he obstruction of justice enhancement [under § 3C1.1] ... is mandatory once its factual predicates have been established." *United States v. Friedman*, 998 F.2d 53, 58 (2d Cir.1993); *see also United States v. Ortiz*, 251 F.3d 305, 306–07 (2d Cir.2001). The district court denied Lindsay's suppression motion after finding that Lindsay's "testimony [was] incredible. It wasn't clear, it contradicted itself at numerous points, it didn't make sense. And she did not seem like a forthright witness to me." At sentencing, in conformity with the Supreme Court's mandate in *Dunnigan*, the district court "review[ed] the evidence and ... addressed each element of [Lindsay's] perjury in a separate and clear finding." 507 U.S. at 95. Specifically, the district court found that

> the defendant gave intentionally false testimony at the suppression hearing[,] that ... was not [ ] a result of confusion, mistake, or faulty memory[,] and ... certainly concerned material matter; it was intentionally given with the purpose of causing me to find that the state-

ments and confession she had made were involuntary.

While the cold appellate record would seem to support Lindsay's version of events at least as much as that of the investigator, who inexplicably delayed Lindsay's arraignment—and concomitant appointment of counsel—in order to confront her with the physical evidence that had been accumulated against her, we cannot say that the district court's findings were erroneous. Accordingly, while we are remanding the case pursuant to *Crosby*, we conclude that appellant's non-*Booker* objections are without merit.

█ Lindsay also challenges the district court's denial of a downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. A district court's decision as to whether the adjustment applies is entitled to "great deference" because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." U.S.S.G. § 3E1.1, app. note 5. Thus, the denial of an adjustment for acceptance of responsibility "must be upheld unless it is 'without foundation.'" *United States v. Hirsch*, 239 F.3d 221, 226 (2d Cir.2001) (quoting *United States v. Volpe*, 224 F.3d 72, 75 (2d Cir.2000)).

Lindsay argues that she was entitled to the adjustment because she never disputed her culpability, and she readily cooperated with authorities from the outset. As Lindsay concedes, however, a defendant's "[c]onduct resulting in an [obstruction] enhancement under § 3C1.1 ... ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1, app. note 4. Thus, "adjustments under both §§ 3C1.1 and 3E1.1 [will] apply," if ever, only in "extraordinary cases." *Id.* Having thoroughly considered appellant's arguments and the record below under the applicable standard of review, we cannot say that this case was sufficiently "extraordinary" to overcome the deference owed to the district court's decision.

For the foregoing reasons, we find no error in the district court's sentencing calculations. In so holding, however, we in no way limit the discretion afforded to the district court by *Booker* and *Crosby*. Accordingly, the judgment of the district court is hereby **AFFIRMED in part** and **REMANDED in part** for further proceedings consistent with this order and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).