**UNITED STATES of America,
Appellee,**

v.

**G.H. LINCECUM, Defendant–
Appellant.**

**Docket No. 99–1097(L)**

United States Court of Appeals,
Second Circuit.

Argued June 12, 2000

Decided July 20, 2000

Peter G. Neiman, Assistant United States Attorney, New York, New York (Mary Jo White, United States Attorney for the Southern District of New York, Ira M. Feinberg, Assistant United States Attorney, New York, New York, on the brief), for Appellee.

Daniel Nobel, New York, New York, for Defendant-Appellant.

Before: KEARSE, SACK, and SOTOMAYOR, Circuit Judges.

PER CURIAM:

Defendant G.H. Lincecum appeals from a judgment entered in the United States District Court for the Southern District of New York, Lewis A. Kaplan, *Judge*, convicting him of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (1994); securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff (1994); and conspiracy to commit those crimes, in violation of 18 U.S.C. § 371 (1994), and sentencing him principally to 87 months' imprisonment, to be followed by a three-year term of supervised release. On appeal, Lincecum principally challenges the sentence imposed on him under the Sentencing Guidelines ("Guidelines"). This opinion addresses only his contention that the district court erred in increasing his sentence pursuant to Guidelines § 3C1.1 for obstruction of justice; other contentions of Lincecum and his codefendants have been rejected in a summary order filed today. We reject Lincecum's challenge to the obstruction enhancement for the reasons that follow.

Lincecum was arrested in 1997 at his house in Texas and was charged with the above offenses in connection with his participation in fraudulent investment schemes. Prior to trial, he moved to suppress statements he made to Secret Service agents at the time of his arrest. In support of the motion, he submitted his

affidavit stating that when arrested he had repeatedly asked to speak with an attorney and had been denied that right. His affidavit, sworn to "under the penalties of perjury" (Affidavit of G.H. Lincecum dated January 20, 1998, at page 1, preamble), gave a detailed account of at least three such requests:

> I ... asked for permission to call a lawyer. I made this request at least once while I was at the house, and possibly a second time. I was told that I could not call anyone. The agents told me I could make such a call "later." They also said that it was not in my best interest to make such a call.

(*Id.* ¶ 3.)

> While in the automobile I was advised of my right to remain silent and of my right to have an attorney. I again asked for permission to call an attorney. I was again told that I could do that "later."

(*Id.* ¶ 4.)

> While in the interview room I again asked Agent Flowers for an opportunity to call a lawyer that I knew. He told me that I could do that when I went "downtown", by which I understood him to mean when I was taken into Dallas.

(*Id.* ¶ 6.) On the strength of Lincecum's affidavit, an evidentiary hearing was held.

The Secret Service agents who had been present at the times referred to in Lincecum's affidavit were brought from Texas to the Southern District of New York for the evidentiary hearing. All of the agents testified that at no time had Lincecum requested an attorney. The government also produced a waiver-of-rights form that had been signed by Lincecum; in it he had stated that he did not want an attorney. After the agents testified, Lincecum requested that the hearing be adjourned, stating that he wished to present testimony from his brother, who was not then in New York. The hearing was never resumed, however, because Lincecum withdrew his motion.

Following Lincecum's trial and conviction, the Probation Department prepared a presentence report that recommended an upward adjustment in his offense level for obstruction of justice on the basis of his false affidavit in support of the motion to suppress. Lincecum opposed the adjustment, arguing that his affidavit representations were too vague to be found intentionally false. The district court rejected that contention.

The court found, *inter alia*, that the Lincecum affidavit was not vague but had recounted a series of incidents in considerable detail, and that it was knowingly false:

> [t]he affidavit was sufficiently detailed and quite clearly false. It was so detailed that I am persuaded by clear and convincing evidence that Mr. Lincecum when he signed it had to have known it was false....

(Sentencing Transcript, February 22, 1999 ("Tr."), at 20); *see also* Tr. 22 ("the affidavit is so detailed that what Mr. Lincecum said in it, taken together with the testimony of the agents, the waiver of Mr. Lincecum's Miranda rights and his written statement, cannot possibly have been true, and he must have known it when he signed the affidavit"). The court noted further that when the Secret Service witnesses at the hearing denied that Lincecum had ever asked to speak with an attorney, Lincecum made "no attempt on cross-examination of the agents to suggest or to show that the affidavit, while perhaps in error in detail," was accurate "nevertheless in substance ... because he asked by name for someone who was a lawyer." (Tr. 20.)

The district court pointed out that Lincecum would not have been entitled even to a hearing on his suppression motion without "put[ting] forward under oath an account of the facts which, if true, would demonstrate that there was a violation of his constitutional rights." (Tr. 21.) The court indicated that, in light of the affidavit's assertions, the court had been left with no choice but to hold a hearing.

The court concluded that the obstruction enhancement was warranted.

On appeal, Lincecum contends that the obstruction-of-justice adjustment cannot be sustained, arguing principally (a) that the misrepresentations in his affidavit could not be considered material because his suppression motion was withdrawn and the government did not offer his postarrest statements in evidence at trial, and (b) that the court made no express finding that his misrepresentations were material or were made with the intent to obstruct justice. We see no merit in these contentions.

■ Under the Guidelines, as applicable to Lincecum, the sentencing court is required to adjust a defendant's offense level upward if "the defendant willfully . . . attempted to obstruct or impede[ ] the administration of justice during the . . . prosecution . . . of the instant offense," Guidelines § 3C1.1 (1997). This adjustment applies when a defendant has provided "materially false information to a judge or magistrate." *Id.* Application Note 3(f). Information is "material" when, "if believed, [it] would tend to influence or affect the issue under determination." *Id.* Application Note 5. An obstruction enhancement under § 3C1.1 may be imposed on the basis of a defendant's knowingly false affidavit submitted in support of a motion to suppress if the affidavit could have influenced disposition of the suppression motion. *See, e.g., United States v. Ahmad,* 202 F.3d 588, 593 (2d Cir.2000); *see also United States v. Matos,* 907 F.2d 274, 276 (2d Cir.1990) (false testimony at suppression hearing); *United States v. Dunnigan,* 507 U.S. 87, 95, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993) (false testimony at trial); *United States v. Williams,* 79 F.3d 334, 337–38 (2d Cir. 1996) (same).

■ Before imposing the adjustment, the district court must find that the defendant "consciously act[ed] with the purpose of obstructing justice." *United States v.*

*Case,* 180 F.3d 464, 467 (2d Cir.1999) (internal quotation marks omitted). The court must "make independent findings necessary to establish a willful" attempt to obstruct justice, but it is sufficient if the court makes a finding that "encompasses all of the factual predicates for a finding of perjury." *United States v. Dunnigan,* 507 U.S. at 95, 113 S.Ct. 1111. Where the district court finds that the defendant "has clearly lied" in a statement made "under oath," the "court need do nothing more to satisfy *Dunnigan* than point to the obvious lie and find that the defendant knowingly made a false statement on a material matter." *United States v. Williams,* 79 F.3d at 337–38.

■ On review, we accept the district court's findings of fact unless they are clearly erroneous. *See United States v. Franklyn,* 157 F.3d 90, 97 (2d Cir.), *cert. denied,* 525 U.S. 1027, 119 S.Ct. 563, 142 L.Ed.2d 469 (1998). We review *de novo* a ruling that the established facts constitute obstruction of justice, while giving " 'due deference to the district court's application of the guidelines to the facts.' " *United States v. Cassiliano,* 137 F.3d 742, 745 (2d Cir.1998) (quoting 18 U.S.C. § 3742(e) (1994)).

■ We see no error in the present case. Although Lincecum argues that the false representations in his affidavit were not material because the government eventually chose not to offer his postarrest statements at trial, it is plain that those sworn misrepresentations, if credited by the district court, would have resulted in the granting of his motion to suppress. The false representations in support of that motion were thus material within the meaning of § 3C1.1; and the fact that the government ultimately chose to rely only on other evidence is of no moment.

■ We also reject Lincecum's argument that his false statements were not material because he withdrew his motion to suppress before the court could rely on them to grant the motion. Section 3C1.1

applies not only to successful obstructions but also to attempts. The district court noted that Lincecum's statements were sufficient to compel a hearing on his motion to suppress; and we note that had his representations been credited with respect to any of the three times he claimed to have requested and been denied permission to call an attorney, any statements he made after such a request would have been suppressible. Lincecum withdrew his motion only after the government produced at the hearing all of the law enforcement agents who were present when he allegedly made his requests and produced his signed statement that he did not then wish to speak with an attorney. It was well within the discretion afforded the district court to find § 3C1.1 applicable to the submission of a knowingly perjurious affidavit submitted in support of a motion to suppress that was withdrawn only after the affidavit's falsity was exposed and it had become clear that the motion to suppress would fail.

■ Finally, we reject Lincecum's challenge to the sufficiency of the district court's findings. Although not using the specific word "material," the court noted that Lincecum's affidavit presented an account of the facts that, if true, would have demonstrated a violation of his constitutional rights. The court found that the detailed representations in that affidavit were "quite clearly false" and that Lincecum made no effort at the hearing to elicit testimony from the agents that would show that, though perhaps he had erred in the details, the substance of his representations was true. And the court found by clear and convincing evidence that Lincecum had signed the affidavit knowing it was false. This finding is not clearly erroneous. Given that Lincecum knowingly made false statements under oath expressly for the purpose of supporting a motion to suppress, and that those statements, if credited, would have led to the suppression of evidence, the district court's findings were adequate to support an offense-level adjustment for attempted obstruction of justice.

We have considered all of Lincecum's contentions on this appeal and have found them to be without merit. The judgment of conviction is affirmed.