**6**

**UNITED STATES of America,**
**Appellee,**

v.

**Juan Carlos MONEGRO Maldonado,**
**Pedro Moran Paulino,**
**Defendants,**

**Ramon Moronta, also known as El**
**Gordo, Defendant–Appellant.**

**Docket No. 02–1278.**

United States Court of Appeals,
Second Circuit.

Feb. 11, 2002.

Theodore S. Green, Green & Willstatter, White Plains, NY, for Appellant.

Glenn C. Colton, Assistant United States Attorney for the Southern District of New York (James B. Comey, United States Attorney, Christine H. Chung, Assistant United States Attorney, on the brief) for Appellee.

Present: JACOBS, POOLER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND **DECREED** that the judgment of the district court be **AFFIRMED.**

Ramon Moronta appeals from a judgment entered in the United States District Court for the Southern District of New York (Schwartz, *J,;* later transferred to Martin, *J.*). Moronta pled guilty to conspiring to distribute, possessing with intent to distribute and distribution of heroin in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), (B) & 846, and was sentenced in the Southern District of New York by Judge Martin. On appeal, Moronta challenges the district court's (1) upward departure for obstruction of justice under § 3C1.1 of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."); and (2) refusal to permit cross-examination of an undercover officer at the sentencing hearing.

1. We review the sentencing court's application of the Guidelines to established facts *de novo* and findings of fact for clear error, giving due deference to its application of the Guidelines to the facts. *United States v. Lincecum,* 220 F.3d 77, 80 (2d Cir.2000). For Guidelines purposes perjury need only be proved by a preponderance of evidence. *United States v. Ben–Shimon,* 249 F.3d 98, 102 (2d Cir.2001). Separate findings of fact are not required as long as "a general finding of obstruction ... tracks those factual predicates necessary to support a finding of perjury." *United States v. Fan,* 36 F.3d 240, 247 (2d Cir.1994) (internal quotation marks and citations omitted).

Judge Martin found that Moronta's in-court statements were not credible. Moronta claimed during the sentencing hearing that several inculpatory statements caught on tape were not true, and that he had spontaneously made them just to "say something." Among these were claims that he [i] had previously sold two kilo-

grams of heroin on credit, and [ii] could obtain cocaine through a supplier in Puerto Rico. However, testimony by a co-conspirator showed that Moronta had discussed the two-kilogram sale before the meeting caught on tape; and the tapes themselves established that the same co-conspirator prompted Moronta's statement concerning his Puerto Rico contact. This evidence flatly contradicted Moronta's testimony that these statements were made spontaneously for conversational purposes. The district court record indicates these false statements with sufficient specificity. *United States v. Williams*, 79 F.3d 334, 337–38 (2d Cir.1996).

2. "[A] district court [is] not required under the due process clause or the Guidelines to hold a full-blown evidentiary hearing." *United States v. Olvera*, 954 F.2d 788, 792 (2d Cir.1992). We review a sentencing court's procedural determinations for abuse of discretion. *United States v. Slevin*, 106 F.3d 1086, 1091 (2d Cir.1996). Here, Moronta's agreement with his suppliers to furnish a kilogram of heroin was established by his own admissions caught on tape, and we see no abuse of discretion in the district court's refusal to permit cross-examination of the undercover officer. *See Olvera*, 954 F.2d at 792 (district court did not abuse its discretion in not requiring testimony of confidential informant where quantity established in part by defendant's statements caught on tape).

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**