**UNITED STATES of America,**
**Appellee,**

v.

**Claudio PARRA, Jorge Gandia Ortega,**
**Defendants–Appellants.**

Nos. 05–2379–cr, 05–3015–cr.

United States Court of Appeals,
Second Circuit.

Sept. 28, 2007.

Steven A. Feldman, Uniondale, NY, for Defendant–Appellant Claudio Parra.

Frank L. Langrock, Middlebury, VT (Peter F. Langrock on the brief), for Defendant–Appellant Jorge Ortega.

David O'Neil, Assistant United States Attorney (Joon H. Kim, Assistant United States Attorney, on the brief; Michael J. Garcia, United States Attorney, Stephen A. Miller, Robin L. Baker, Assistant United States Attorneys, of counsel), United States Attorney's Office for the Southern District of New York.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

A jury convicted defendants-appellants Claudio Parra and Jorge Gandia Ortega of (1) possessing with intent to distribute and distributing cocaine and (2) conspiracy to distribute and possess with intent to distribute cocaine. We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

▪ In view of the testimony offered by Parra's former attorney and the Government, we conclude that the District Court was not incorrect to determine that Parra knowingly waived the provisions of Fed. R.Evid. 410 in his proffer agreement. *See United States v. Parra*, 302 F.Supp.2d 226,

233–35 (S.D.N.Y.2004). We also conclude, in light of the false statements Parra made in his attempts to avoid the effects of the proffer agreement, that it was not error for the District Court to increase Parra's offense level by two levels for obstruction of justice by perjury. *See United States v. Lincecum,* 220 F.3d 77, 80 (2d Cir.2000) (per curiam) (determining that "[a]n obstruction enhancement ... may be imposed" when a defendant "knowingly" submits a "false affidavit ... in support of a motion to suppress").

■ Ortega, relying on *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), contends that his Sixth Amendment rights were violated by the admission, through the testimony of a co-operating witness, of an incriminating statement made by Parra. We conclude that any error associated with admission of this statement was harmless in light of the record. This finding is buttressed by the observation, offered by Ortega's counsel in a pre-sentence memorandum, that "[t]he physical evidence and the testimony of the [investigating] agents was sufficient, by itself, to convict Ortega of a drug conspiracy." [1] *See Schneble v. Florida,* 405 U.S. 427, 430, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972) ("The mere finding of a violation of the Bruton rule in the course of the trial ... does not automatically require reversal of the ensuing criminal conviction" because "[i]n some cases the properly admitted evidence of guilt is so overwhelming, and the prejudicial effect of the codefendant's admission is so insignificant by comparison, that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error.").

■ Finally, we conclude that the District Court did not impose an unreasonable sentence on Ortega. The record reveals that the District Court appropriately considered the factors set out in 18 U.S.C. § 3553(a), including Ortega's guidelines-recommended sentencing range, which the District Court calculated correctly.

We have considered all of defendants' arguments on appeal and find them to be without merit. Accordingly, we hereby AFFIRM the judgment of the District Court.

---

1. The Government, in its brief, conceded that admission of Parra's statement amounted to a *Bruton* violation. At argument, however, the Government informed us that it was now of the view that Parra's statement constituted a non-testimonial statement under *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). For the record, we note our agreement with this observation. *See United States v. Saget,* 377 F.3d 223, 229 (2d Cir.2004) (holding that a declarant's statements to an individual that the declarant does not know to be an informant "do not constitute testimony within the meaning of *Crawford* "), cert. denied, 543 U.S. 1079, 125 S.Ct. 938, 160 L.Ed.2d 821 (2005); *United States v. Feliz,* 467 F.3d 227, 231 (2d Cir.2006) (observing that "the Confrontation Clause simply has no application to nontestimonial statements"), cert. denied, *Erbo v. United States,* — U.S. ——, 127 S.Ct. 1323, 167 L.Ed.2d 132 (2007).