**UNITED STATES of America,**
**Appellee,**

v.

**Daniel GLUM, Defendant–Appellant.**

**No. 06–3099–cr.**

United States Court of Appeals,
Second Circuit.

April 8, 2008.

Nola B. Heller, Assistant United States Attorney (Diane Gujarati, Assistant United States Attorney, of counsel; Michael J. Garcia, United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

Michael K. Burke, Burke, Miele & Golden, LLP, Suffern, NY, for Defendant–Appellant.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Daniel Glum appeals from a June 20, 2006 amended judgment of conviction of the United States District Court for the Southern District of

New York (Charles L. Brieant, *Judge* ), amending Glum's June 17, 2004 judgment of conviction solely to provide Glum an opportunity to appeal pursuant to 28 U.S.C. § 2255, and sentencing Glum following a jury trial principally to 51 months' imprisonment, three years' supervised release, and restitution of $54,233.67, for one count of mail fraud, in violation of 18 U.S.C. §§ 1341, 2. We assume the parties' familiarity with the balance of the facts, procedural history, and issues on appeal.

We review *de novo* a district court's interpretation of the Sentencing Guidelines, and we evaluate its findings of fact for clear error. *See United States v. Rattoballi,* 452 F.3d 127, 132 (2d Cir.2006); *see also United States v. Agudelo,* 414 F.3d 345, 348 (2d Cir.2005) ("We review *de novo* a ruling that the established facts constitute obstruction of justice, giving due deference to the district court's application of the guidelines to the facts.") (quotation marks omitted).

## I. Loss Amount

■ Glum claims that the District Court erred in failing to reduce the loss amount based on payments Glum made prior to the discovery of the fraud.[1] Assuming, *arguendo,* that such a claim is not barred by our "invited error" doctrine, *see United States v. Quinones,* 511 F.3d 289, 321 (2d Cir.2007), we would review the issue only for plain error because Glum did not object to the stipulated loss amount in the Pre–Sentence Report ("PSR") and failed to raise this issue at his sentencing. *See United States v. Dupes,* 513 F.3d 338, 343 and n. 2 (2d Cir.2008)

(reviewing defendant's challenge to conditions of his supervised release for plain error where defendant failed to object to the PSR's recommendation of these conditions at sentencing); *see also* Fed. R. Crim P. 52(b); *United States v. Villafuerte,* 502 F.3d 204, 207 (2d Cir.2007) ("[I]ssues not raised in the trial court because of oversight, including sentencing issues, are normally deemed forfeited on appeal unless they meet our standard for plain error.").

Here, the District Court did not err, much less commit plain error in accepting the stipulated loss amount to determine Glum's sentence. As the Guidelines note, "[t]he sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence. For this reason, the court's loss determination is entitled to appropriate deference." U.S.S.G. § 2B1.1, comment 3(c) (citing 18 U.S.C. § 3742(e) and (f)). Although the parties' loss amount stipulation "does not fix that amount as a matter of law or bind the sentencing court, the court may properly rely on such a stipulation in finding facts relevant to sentencing." *United States v. Rosen,* 409 F.3d 535, 551 (2d Cir.2005) (internal quotation marks omitted). A district court's loss amount finding which is based on a stipulation does not constitute error, as long as the court considered any other relevant information presented to it, including the PSR, and the loss amount stipulation was knowing and voluntary. *See United States v. Granik,* 386 F.3d 404, 413 (2d Cir.2004); U.S.S.G. § 6B1.4 (Commentary). Glum does not claim that the stipulation was not knowing

---

1. Though we ultimately remand pursuant to *Crosby,* we consider Glum's objections to the District Court's Guidelines calculations, because "the district court, on remand, remains under an obligation to consider the Guidelines, and our resolution of a defendant's

Guidelines objections will assist the District Court in fulfilling that obligation." *United States v. Cuevas,* 496 F.3d 256, 261 (2d Cir. 2007) (internal quotation marks and alterations omitted); *see also United States v. Williams,* 475 F.3d 468, 475–76 (2d Cir.2007).

or voluntary, and we find the record as a whole contained more than enough evidence for the District Court to conclude that the stipulated amount reflected the actual fraud loss amount. *See Granik,* 386 F.3d at 414.

## II. Enhancement for Obstruction of Justice

■ Glum's sole ground for contending that the District Court erred in enhancing his offense level by two levels based on obstruction of justice appears to be that it mandatorily applied the enhancement in violation of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). This claim is belied by the record: The District Court clearly found the adjustment was "addressed to the Court's discretion," despite the government's contention that it was mandatory.

In an event, we do not find error in the District Court's imposition of the adjustment, upon the court's finding that the record clearly showed "a willful attempt to obstruct justice" because the defendant's testimony represented an "egregious attempt by an educated, intelligent reasonably sophisticated witness to obfuscate and confuse and lie." *See United States v. Garcia,* 413 F.3d 201, 220 n. 15 (2d Cir. 2005) ("Judicial authority to find facts relevant to sentencing by a preponderance of the evidence survives *Booker*."). An enhancement for obstruction of justice is appropriate when a defendant "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." *United States v. Dunnigan,* 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993); *see also Agudelo,* 414 F.3d at 349 (explaining that the "district court must find that a defendant 'consciously act[ed] with the purpose of obstructing justice'" before im-

posing an adjustment for obstruction of justice) (internal quotation marks omitted). The District Court did not clearly err in finding that Glum's testimony that he did not intend to perpetrate the charged fraud, Glum's claims that he used the stolen money for legitimate expenses, and Glum's assertions regarding the falsified tax returns, among other statements, constituted a wilful attempt to obstruct justice. *See United States v. Lincecum,* 220 F.3d 77, 80 (2d Cir.2000).

## III. Reasonableness of the Sentence and *Crosby*

■ Glum argues, in the alternative, that his sentence was unreasonable because it was greater than necessary to fulfill the 18 U.S.C. § 3553(a) mandate and because the District Court "did not analyze the § 3553(a) factors other than the sentencing guidelines." Because the sentence in this case was imposed prior to the Supreme Court's decision in *Booker,* we agree with the parties that a remand pursuant to *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005), is appropriate, notwithstanding that the District Court has since indicated in adjudicating Glum's *pro se* § 2255 motion that "were the case to be remanded solely for the purpose of resentencing under an Advisory Guideline regime, this Court would impose the same sentence." *Glum v. United States,* No. 05 Civ. 5898, slip op. at 2 (S.D.N.Y. June 19, 2006). It appears that Glum has never been afforded the full opportunity to present, with the assistance of counsel, whatever mitigating "circumstances ... existed at the time but were not available for consideration under the mandatory Guidelines regime." *Crosby,* 397 F.3d at 118. We therefore cannot "say with any confidence 'what considerations counsel for both sides might have brought to the sentencing judge's attention had they known that they could,' as a matter of law, 'urge the judge

to impose a non-Guidelines sentence.'" *United States v. Fuller,* 426 F.3d 556, 561 (2d Cir.2005) (quoting *Crosby,* 397 F.3d at 115). The Government, moreover, consents to remanding the case for this purpose. In view of the *Crosby* remand, review of the sentence for reasonableness is premature. *See Cuevas,* 496 F.3d at 266.

### IV. Claims of Ineffective Assistance of Counsel

■ Finally, Glum claims that he received ineffective assistance of counsel, alleging that his counsel never advised him of the potential punishment he could face if he was convicted at trial. "[T]his court has expressed a baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Khedr,* 343 F.3d 96, 99–100 (2d Cir.2003) (citations and internal quotation marks omitted). Among the reasons for this is that the district court is "the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial." *Massaro v. United States,* 538 U.S. 500, 505, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *accord United States v. Oladimeji,* 463 F.3d 152, 154 (2d Cir.2006). Nevertheless, we will review claims on direct appeal when the record is fully developed and resolution is beyond doubt. *See United States v. Garcia,* 413 F.3d 201, 219 n. 13 (2d Cir.2005); *United States v. Gaskin,* 364 F.3d 438, 468 (2d Cir.2004). These requirements are not met here. Absent a more developed record, we cannot proceed to decide whether Glum received ineffective assistance of counsel. Given the simplicity of this claim, we exercise our discretion to remand to the District Court to develop the record on this discrete issue. *See United States v. Leone,* 215 F.3d 253, 256–57 (2d Cir.2000).

For these reasons, we AFFIRM the judgment of the District Court and RE-MAND for further consideration in light of *Booker* and *Crosby* and for further fact-finding with respect to the claim of ineffective assistance of counsel.