10-4247-cr
United States v. Mansilla

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of December, two thousand eleven.

PRESENT:   GUIDO CALABRESI,
              REENA RAGGI,
              RAYMOND J. LOHIER, JR.,
                   *Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                   *Appellee*,

              v.                                      No. 10-4247-cr

CARLOS MANSILLA, also known as Los,
                   *Defendant-Appellant*.

------------------------------------------------------------------------

FOR APPELLANT:        Randall D. Unger, Esq., Bayside, New York.

FOR APPELLEE:         Sarah R. Krissoff, Katherine Polk Failla, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 19, 2010, is AFFIRMED.

Carlos Mansilla, who stands convicted after a guilty plea to one count of possession of a firearm by a convicted felon, see 18 U.S.C. § 922(g)(1), and two counts of drug distribution, see 21 U.S.C. § 841(a), (b)(1)(C), appeals his prison sentence on the ground of procedural error in the application of an obstruction enhancement, see U.S.S.G. § 3C1.1, to the calculation of his Sentencing Guidelines range. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm on the ground of true waiver.

"The law is well established that if, as a tactical matter, a party raises no objection to a purported error, such inaction constitutes a true waiver which will negate even plain error review." United States v. Quinones, 511 F.3d 289, 321 (2d Cir. 2007) (internal quotation marks omitted). A finding of "true waiver" applies with even more force when a defendant not only failed to object to what he now describes as error, but actively solicited it in order to procure a perceived sentencing benefit. Id.

This is such a case. In a letter to the district court seeking a below-Guidelines sentence, Mansilla, through counsel, not only failed to object to the application of an obstruction enhancement, but also conceded the enhancement and professed to recognize the error in his submission of a false affirmation that was the basis for the enhancement. Moreover, at multiple points in the sentencing proceeding, Mansilla's counsel expressly reiterated that Mansilla was not objecting to the obstruction enhancement or seeking a

2

hearing. These actions reflect a "tactical decision" to avoid further hearings regarding false statements and to argue for a lower sentence on other grounds. Id. at 321. Indeed, the tactic allowed Mansilla to secure the government's consent to his receipt of a three-level reduction for acceptance of responsibility notwithstanding his obstruction of justice. See U.S.S.G. § 3E1.1 cmt. 4 (noting that conduct resulting in obstruction enhancement "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct"). The district court granted this reduction, stating that "somebody can obstruct justice and then see the err[or] of [his] ways and subsequently accept responsibility." Sentencing Tr. at 11. Its 78-month sentence was at the low end of the 78-to-97-month Guidelines range achieved through the tactical waiver.

Under these circumstances, Mansilla's challenge is clearly waived.[1] The judgment of the district court is therefore AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] Though we need not reach the issue, we identify no clear error in the court's finding that the obstruction of justice enhancement was warranted. See United States v. Lincecum, 220 F.3d 77, 80 (2d Cir. 2000); United States v. Zagari, 111 F.3d 307, 329 (2d Cir. 1997).

3