12-1067-cr
United States v. Concepcion-Santos

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 14th day of March, two thousand thirteen.

Present:        GUIDO CALABRESI,
                ROSEMARY S. POOLER,
                REENA RAGGI,
                        *Circuit Judges*.
_____

UNITED STATES OF AMERICA,

                        *Appellee*,


                -v-                                             12-1067-cr


JOSE ABREU,

                        *Defendant,*

RADHAMES CONCEPCION-SANTOS,
AKA THOMAS TORRES, AKA TOMAS TORRES,

                        *Defendant-Appellant*.
_____


Appearing for Appellee:        Martin S. Bell, Andrew L. Fish, Assistant United States Attorneys,
                                *for* Preet Bharara, United States Attorney for the Southern District
                                of New York, New York, N.Y.

Appearing for Appellant:        Yuanchung Lee, Barry D. Leiwant, Assistant Federal Defenders,
                                Federal Defenders of New York, Inc., New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Preska, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Radhames Concepcion-Santos, following a November 29, 2011 bench trial, was found guilty of one count of conspiring to commit access device fraud, in violation of 18 U.S.C. §§ 1029(a)(2), (5); one count of access device fraud, in violation of 18 U.S.C. § 1029(a)(5); one count of bank fraud, in violation of 18 U.S.C. § 1344; and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A.  On February 29, 2012, the district court then sentenced defendant to a total of 51 months' imprisonment, including a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1.  Concepcion-Santos now appeals his sentence, asserting that the district court made a procedural error by imposing the sentencing enhancement for obstruction of justice because (1) defendant's affidavit statements did not constitute willful obstruction of justice and (2) the court failed to make sufficient findings as to willfulness.  We presume the parties' familiarity with the facts and procedural history of this case.

We review a district court's decision to enhance a defendant's sentence for obstruction of justice for "reasonableness," "which is akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Leslie*, 658 F.3d 140, 142 (2d Cir. 2011) (per curiam) (quoting *United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007) (internal quotations and citations omitted).  A district court commits "procedural error where it fails to" (1) "calculate the Guidelines range (unless omission of the calculation is justified)," (2) "makes a mistake in its Guidelines calculation," (3) "treats the Guidelines as mandatory," (4) "does not consider the § 3553(a) factors," (5) "rests its sentence on a clearly erroneous finding of fact," or (6) "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc).

Section 3C1.1 of the United States Sentencing Guidelines instructs the district court to increase the offense level by two levels if "the defendant willfully . . . attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction," and "the obstructive conduct related to . . . the defendant's offense of conviction and any relevant conduct . . . ."  U.S.S.G. § 3C1.1.  An enhancement for obstruction of justice is appropriate when a defendant "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993).  We have held that this enhancement "may be imposed on the basis of a defendant's knowingly false affidavit submitted in support of a motion to suppress if the affidavit could have influenced disposition of the suppression motion." *United States v. Lincecum*, 220 F.3d 77, 80 (2d Cir. 2000) (per curiam).

Having considered whether the district court's findings were clearly erroneous *see United States v. Stewart*, 686 F.3d 156, 174 (2d Cir. 2012), giving "special deference" to conclusions based on witness testimony, *United States v. Beverly*, 5 F.3d 633, 642 (2d Cir. 1993), we conclude that the district court did not err in imposing the obstruction enhancement. Here, Defendant-Appellant's affidavit stated that the documents were not "out in the open" but "hidden from view." The district court, however, credited three government witnesses who gave consistent, copious testimonies "in a fair amount of detail" that there were "numerous documents . . . [including] credit cards, credit reports, bank statements" not only in plain view but "strewn about the defendant's room on the bed and on the dresser," thus, we do not disturb the district court's finding of credibility. *See Lincecum*, 220 F.3d at 80 (finding the district court's credibility determination as to an obstruction of justice enhancement was not clearly erroneous).

Unlike the case of *United States v. Agudelo*, 414 F.3d 345, 349–50 (2d Cir. 2005), Defendant-Appellant pointed to no evidence showing his affidavit statement was the result of confusion or mistake. Instead Defendant-Appellant re-emphasized, at the suppression hearing, that his documents were not in plain view. Based, in part, on Defendant underscoring his previous affidavit statement, the court found the enhancement for obstruction is applicable because Defendant "did not walk away from but rather emphasized" the affidavit, thus his statement was "not the type . . . that results from honest confusion or error." App. 404. This is distinguishable from the case of *Agudelo* where the defendant was able to show confusion as to his statements. While we take seriously, that § 3C1.1, "is not intended to punish a defendant for the exercise of a constitutional right," and cautions that "not all inaccurate testimony or statements necessarily reflect a willful attempt to obstruct justice," U.S.S.G. § 3C1.1 comment. (n.2), here, we cannot conclude the district court clearly erred where the record is more than sufficient to support the district court's finding of an obstruction of justice.

Defendant-Appellant also alleges that the district court erred in imposing the obstruction of justice enhancement because it failed to make specific findings as to willfulness and specific intent. An obstruction of justice enhancement under § 3C1.1 is not appropriate, unless the "obstruction was willful[ ]," so the "court must make a specific finding of intent." *United States v. Reed*, 49 F.3d 895, 900–01 (2d Cir. 1995) (internal citations and quotations omitted). However, "separate findings of fact regarding the alleged perjury are . . . not required as long as [there is] a general finding of obstruction . . . to support a finding of perjury." *United States v. Catano-Alzate*, 62 F.3d 41, 42 (2d Cir. 1995) (per curiam) (internal quotation marks omitted). "Where the district court finds that the defendant 'has clearly lied' in a statement made 'under oath,' the 'court need do nothing more . . . than point to the obvious lie and find that the defendant knowingly made a false statement on a material matter.'" *Lincecum*, 220 F.3d at 80 (quoting *United States v. Williams*, 79 F.3d 334, 337–38 (2d Cir. 1996).

Here, the district court held a hearing and made its own findings rather than relying on facts in the presentence report. *Cf. United States v. Ben-Shimon*, 249 F.3d 98, 103 (2d Cir. 2001). In particular, the court found that defendant's affirmation was "not the type of statement that results from honest confusion or error." App. 404. Moreover, the court recognized the deliberate nature of defendant's statements in finding that "he did not walk away" from but

rather "emphasized" his statement at the conclusion of the suppression hearing. *Id.* The court thereby found willfulness, despite "not using the specific word." *Lincecum*, 220 F.3d at 81. Thus, we conclude the court did not err in its findings as to the element of willfulness.

Accordingly, for the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk