17-1891-cr
*United States v. Galan*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand eighteen.

PRESENT:

> PIERRE N. LEVAL,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> KATHERINE POLK FAILLA,
> > *District Judge.*<sup>*</sup>

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                             No. 17-1891-cr

ANGEL GALAN,

> *Defendant-Appellant.*

_____

FOR APPELLEE:                         HIRAL D. MEHTA, Assistant United States Attorney (David C. James, Assistant United States Attorney, *on the brief*), *for* Richard P. Donoghue, United States

---

<sup>*</sup> Judge Katherine Polk Failla, of the United States District Court for the Southern District of New York, sitting by designation.

Attorney for the Eastern District of New York, Brooklyn, NY.

FOR APPELLANT:                    BOBBI C. STERNHEIM, Esq., New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Mauskopf, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on May 17, 2017, is **AFFIRMED**.

Defendant-appellant Angel Galan appeals from the District Court's judgment sentencing him principally to 84 months' imprisonment after a jury convicted him of a single count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Galan makes two arguments on appeal. He first challenges the District Court's decision to apply a two-level enhancement for obstruction of justice based on statements Galan made in an affidavit that he submitted in connection with a pretrial suppression motion. Second, he argues that the sentence imposed by the District Court is substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm the judgment entered by the District Court.

## I.

The government's criminal complaint in this case alleges that, on the night of June 8, 2014, two New York Police Department ("NYPD") officers in an unmarked car observed Galan standing on a street corner in Brooklyn holding a clear plastic cup containing a clear liquid. When Galan saw the police vehicle, he began walking away and threw the plastic cup to the ground. An officer got out of the car, identified himself as police, and approached Galan on foot. As the officer approached, the complaint alleges, Galan appeared to remove a black object from the waistband of his pants, crouch down, and place the object on the tire of a parked car. The officers recovered the object, which turned out to be a loaded .40

2

caliber semi-automatic pistol. The officers then arrested Galan, handcuffed him, and searched him, discovering additional contraband. After reviewing Galan's criminal history records, the officers discovered that he was a felon within the meaning of 18 U.S.C. § 922(g)(1).

The government filed the operative superseding indictment in September 2015. The following month, Galan moved to suppress physical evidence recovered from his person during the search, including a cartridge matching the pistol, as well as marijuana and cocaine. He requested a suppression hearing. The government responded that no hearing was necessary because Galan had submitted no evidence that contradicted the allegations made in the criminal complaint. Galan then filed an affirmation in which he described, under penalty of perjury, his version of what transpired on the night of his arrest. His affirmation included the following statement, among others: "In the minutes prior to the police officer grabbing me, I had not removed anything from my belt or clothing and I had not placed any object on top of a vehicle's tire." App'x 21.

In light of the factual dispute, the District Court held a suppression hearing. At the hearing, three NYPD officers gave testimony about the circumstances of the stop that was consistent with the allegations contained in the criminal complaint.[2] Galan did not testify. The District Court expressly found the officers' testimony to be credible and denied Galan's motion to suppress. *United States v. Galan*, No. 14-CR-450, 2015 WL 1602151 (E.D.N.Y. Apr. 9, 2015). Based on the evidence adduced at the hearing, the court concluded that the officers had reasonable suspicion to initiate an investigatory stop in light of Galan's furtive behavior, including the act of "removing an object from [his waistband,] an area where guns are typically carried, and secreting that object on the tire of a parked car." *Id.* at *6. The court further concluded that, when a second officer "found the gun on the tire of the parked vehicle, the officers clearly had probable cause to arrest Galan," at which point the officers could permissibly search Galan's person notwithstanding the lack of a warrant. *Id.* at *7–8.

---

[2] Although the complaint alleged that two officers participated in Galan's apprehension, the District Court concluded after the suppression hearing that, in fact, three officers had been involved. This discrepancy is not relevant to our analysis in the instant appeal.

On October 16, 2015, a jury convicted Galan on the single charged count, of being a felon in possession of a firearm. Galan appeared for sentencing on May 17, 2017. Over defense counsel's objection, the District Court applied a two-level enhancement for obstruction of justice under section 3C1.1 of the United States Sentencing Guidelines, concluding that Galan willfully submitted materially false information in his affidavit.[3] The court calculated Galan's Guidelines sentencing range as 57 to 71 months' imprisonment, but ultimately determined that Galan merited an above-Guidelines sentence of 84 months' imprisonment. Galan timely appealed, arguing that the District Court erred in applying the obstruction enhancement and also that his overall sentence is substantively unreasonable.

## II.

On appeal from a district court's decision to apply an enhancement for obstruction of justice, we review the court's findings of fact for clear error, and we review de novo "a ruling that the established facts constitute obstruction of justice, giving due deference to the district court's application of the guidelines to the facts." *United States v. Pena*, 751 F.3d 101, 105 (2d Cir. 2014) (per curiam) (internal quotation marks omitted). Where, as here, the government seeks "an obstruction-of-justice enhancement based on perjurious testimony," the enhancement will lie only if the district court finds that the defendant "[gave] false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Thompson*, 808 F.3d 190, 196 (2d Cir. 2015) (per curiam) (quoting *United States v. Dunnigan*, 507 U.S. 87, 94 (1993)).

At Galan's sentencing hearing, the District Court explained at length its reasons for concluding by a preponderance of the evidence that Galan's statements in the affidavit were materially false, and further, that Galan acted with the requisite intent to commit perjury. On appeal, Galan does not appear to challenge the District Court's finding as to materiality, nor

---

[3] Section 3C1.1 of the Guidelines provides as follows: "If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels."

could he: Galan's affidavit spoke directly and in detail as to whether Galan placed a loaded gun on the tire of a parked car, an issue that lay at the heart of both Galan's suppression motion and the prosecution's affirmative case at trial. *See United States v. Lincecum*, 220 F.3d 77, 80 (2d Cir. 2000) (per curiam) ("Information is material when, if believed, it would tend to influence or affect" the "disposition of a suppression motion." (alteration and internal quotation marks omitted)). Galan purports to challenge the District Court's finding of falsity, but credible testimony from three police officers who were present amply supports the District Court's finding, by a preponderance of the evidence, that Galan's statement was false. We thus see no clear error in the District Court's finding on this score.

Galan's principal challenge on appeal concerns the District Court's finding that he willfully attempted to mislead the court. He argues, first, that he submitted the affidavit for the "limited purpose" of establishing a factual dispute sufficient to merit a hearing on his suppression motion, and that this does not suffice to support the court's imposition of the obstruction of justice enhancement. App't Br. 18. Whatever Galan's *procedural* goal may have been, however, the question before us is whether the record supports the District Court's conclusion that his materially false statement was made *willfully* "rather than as a result of confusion, mistake, or faulty memory." *Thompson*, 808 F.3d at 196.

Then, changing tack, Galan cites cases in which we rejected a "per se rule" that would permit a finding of perjury "any time a court credits officer testimony over that of a defendant." *Id.* (discussing *United States v. Agudelo*, 414 F.3d 345 (2d Cir. 2005)). We have indeed rejected a per se rule in the past. Here, however, the District Court did not presume willful perjury based on the mere fact that Galan submitted a statement later determined to be false. Rather, the court grounded its finding in the record. For example, the District Court found insufficient evidence to support defense counsel's suggestion that Galan may have a faulty memory of the details of his arrest due to a state of intoxication. The court then considered the overall nature of Galan's affidavit and emphasized the many specific details offered in Galan's account of his encounter with the NYPD. In prior cases, we have endorsed this very approach: if an affidavit describes with particularity the "when" and "where" of the defendant's conduct "and the response of the police," that level of detail

"support[s] an inference that the affiant must either be telling the truth or committing perjury." *Pena*, 751 F.3d at 106 (citing *Lincecum*, 220 F.3d at 79).

We identify no error in the District Court's finding that, in his affidavit, Galan willfully misrepresented "unique and critical facts" concerning "what happened on the night of June 8th." App'x 83. We accordingly affirm the court's decision to apply the enhancement.

## III.

We next turn to Galan's argument that the 84-month sentence imposed by the District Court is substantively unreasonable. We review such challenges under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). As we explained in *Cavera*, "we will not substitute our own judgment for the district court's on the question of what is sufficient to meet the [sentencing factors specified in 18 U.S.C. § 3553(a)] in any particular case," and will find a sentence substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* (emphasis omitted) (internal quotation marks omitted).

Here, Galan's argument rests on generalizations about the average length of sentences imposed nationwide following a conviction under section 922(g), and about low recidivism rates for middle-aged offenders like himself. (Galan was almost 50 years old when sentenced.) Galan does not meaningfully engage, however, with the District Court's discussion of his specific characteristics. These include an extensive history of violent crime involving firearms, as well as repeated disciplinary infractions, including serious breaches, during his periods of incarceration. Moreover, the District Court specifically expressed its view that the Sentencing Guidelines calculus unduly discounted the import of some of Galan's older convictions. Galan has given us no reason to doubt that the District Court "reache[d] an informed and individualized judgment in [Galan's] case as to what is 'sufficient, but not greater than necessary' to fulfill the purposes of sentencing." *Id.* (quoting 18 U.S.C. § 3553(a)).

\* \* \*

6

We have considered Galan's remaining arguments and find them to be without merit. For the reasons set forth more fully above, we identify neither legal error nor clear factual error in the District Court's decision to apply a two-level sentencing enhancement for obstruction of justice. We further conclude that Galan's sentence is not substantively unreasonable. Accordingly, we **AFFIRM** the District Court's judgment.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court