17-1662-cr
*United States v. Maldonado*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand nineteen.

PRESENT:   GUIDO CALABRESI
     JOSÉ A. CABRANES,
     RICHARD C. WESLEY,
       *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee,*        17-1662-cr

    v.

SAMUEL MALDONADO,

    *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | Monica J. Richards, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney, Western District of New York, Buffalo, NY. |
| **FOR DEFENDANT-APPELLANT:** | Daniel M. Perez, Law Offices of Daniel M. Perez, Newton, NJ. |

Appeal from a May 18, 2017 amended judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Samuel Maldonado ("Maldonado") appeals from an amended judgment entered on May 18, 2017, sentencing him to concurrent terms of 188-months' imprisonment for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. On appeal, Maldonado contends that the District Court procedurally erred in applying a two-level enhancement for obstruction of justice under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 3C1.1.[1] He also challenges the substantive reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.

"We review a sentence for procedural and substantive reasonableness under a deferential abuse-of-discretion standard." *United States v. Castillo*, 896 F.3d 141, 148 (2d Cir. 2018) (internal quotation marks omitted). "A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Sampson*, 898 F.3d 287, 311 (2d Cir. 2018) (internal quotation marks omitted).

"We apply a mixed standard of review to obstruction-of-justice enhancements in sentencing." *United States v. Bliss*, 430 F.3d 640, 646 (2d Cir. 2005). "We review for clear error the sentencing court's findings as to what acts were performed, what was said, what the speaker meant by his words, and how a listener would reasonably interpret those words." *Id.* (internal quotation marks and brackets omitted). "[A] ruling that the established facts constitute obstruction or

---

[1] Section 3C1.1 provides:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels.

2

attempted obstruction under the Guidelines . . . is a matter of legal interpretation and is to be reviewed *de novo*, giving due deference to the district court's application of the [G]uidelines to the facts." *Id.* (internal quotation marks omitted). "[A]n enhancement for obstruction of justice is appropriate when a defendant 'gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory.'" *United States v. Agudelo*, 414 F.3d 345, 349 (2d Cir. 2005) (quoting *United States v. Dunnigan*, 507 U.S. 87, 94 (1993)).

Maldonado contends that the District Court clearly erred in finding that he had willfully submitted a materially false affidavit in support of his motion to suppress oral and written statements made to law enforcement at the time of his arrest.[2] Maldonado does not dispute the falsity of his affidavit. Rather, he argues that his statement was not "willful" because, as a non-native English speaker, he did not fully understand the contents of the affidavit prepared by his trial attorney. He also contends that his affidavit was not "material" because it was "at most, a drug

---

[2] Maldonado's affidavit stated, in relevant part:

> Before being questioned, I explained to Detective Gonzalez that I was suffering from the withdrawal of heroin. The withdrawal caused me to feel like I had the flu. My stomach was nauseated, and I could not concentrate on what Detective Gonzalez was asking me or on my responses.
>
> After I told Detective Gonzalez of the withdrawal, he continued to question me. At one point, I was having particular trouble focusing my attention, and he offered to give me the drug suboxone if I would agree to speak with him and sign a statement.
>
> I accepted the suboxone from Detective Gonzalez. After taking the suboxone, the withdrawal symptoms subsided and were replaced by a feeling of euphoria or a "high[.]"
>
> Detective Gonzalez handed me a statement he had already prepared and asked that I sign it. I signed the statement. At the time I reviewed and signed the statement, I was in withdrawal and/or under the influence of suboxone.

App. 21 ¶¶ 8-11.

addict's misrepresentation that achieved its desired effect: obtaining an evidentiary hearing." Appellant Br. 35.

We find no clear error in the District Court's determination that Maldonado knowingly filed a materially false affidavit. The District Court had previously found that Maldonado was able to read, speak, and comprehend English in an order adopting the Report & Recommendation ("R&R") of Magistrate Judge Marian W. Payson denying Maldonado's suppression motion. The R&R concluded that Maldonado was "properly advised of his *Miranda* rights and voluntarily waived them before speaking to [Investigator Dennis] Gonzalez" during the post-arrest interview. App. 74. In so holding, it credited Investigator Gonzalez's testimony that "Maldonado read his *Miranda* rights aloud from a rights card and indicated . . . that he understood each of those rights." *Id.* It further credited Gonzalez's testimony "that [Maldonado said] he could read and write in English and never requested an interpreter." *Id.* Finally, the R&R noted that Maldonado's "entire interview was conducted in English and concluded after Maldonado read aloud the entirety of his written statement." *Id.* By adopting the R&R in its entirety, the District Court necessarily credited the testimony of Investigator Gonzalez and found that Maldonado was able to read and comprehend English. It was therefore not clearly erroneous for the District Court to rely on its previous finding in rejecting Maldonado's *post hoc* contention that his false statements were not willful because he could not read or understand his affidavit.[3]

Maldonado's false affidavit is also unquestionably material. The affidavit casts doubt on the voluntariness of Maldonado's confession, and if credited, would have influenced the disposition of the suppression motion. *See United States v. Lincecum*, 220 F.3d 77, 80 (2d Cir. 2000) ("Information is material when, if believed, it would tend to influence or affect the issue under determination. An obstruction enhancement under § 3C1.1 may be imposed on the basis of a defendant's knowingly false affidavit submitted in support of a motion to suppress if the affidavit could have influenced

---

[3] As the District Court noted during the resentencing hearing, Maldonado's failure to ever object to the court's suppression findings undermines his current argument that he does not read or comprehend English:

> [Maldonado's counsel] is arguing that the statement should not be considered because it should have been suppressed because Mr. Maldonado did not understand English. . . . The point I'm trying to make is you had a chance that Judge Payson did not suppress the statement. I, on de novo review, found that suppression should not be granted. And the case went up to the Second Circuit that initially affirmed his conviction.

App. 138.

4

disposition of the suppression motion." (internal quotation mark and brackets omitted)). In sum, we find no error in the District Court's determination that Maldonado's willful submission of a materially false affidavit warranted the application of a two-level enhancement for obstruction of justice.

II.

When we review for substantive reasonableness, "we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Johnson*, 811 F.3d 592, 599 (2d Cir. 2016) (internal quotation marks omitted). Though "[w]e do not presume that a Guidelines sentence is necessarily substantively reasonable," *id.* (internal quotation marks omitted), we will set aside a district court's substantive determination "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Ryan*, 806 F.3d 691, 695 (2d Cir. 2015) (internal quotation marks omitted); *see also United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019) ("We reverse a sentence for substantive unreasonableness only for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." (internal quotation marks omitted)). "[W]hile the court must explain how it arrived at a given sentence, it need not engage in a prolonged discussion of its reasoning . . . . This is because we entertain a strong presumption that the sentencing judge has considered all arguments properly presented to [him], unless the record clearly suggests otherwise." *United States v. Robinson*, 799 F.3d 196, 202 (2d Cir. 2015) (internal quotation marks and citation omitted).

Maldonado argues that the District Court failed to adequately consider his age (59 at the time of sentencing) and the extent to which chemical and alcohol dependence drove his behavior. The record reflects that the District Court expressly considered these and other 18 U.S.C. § 3553(a) factors, but nevertheless concluded that "none of those factors individually or in combination takes [Maldonado's] case out of the heartland cases that would justify a downward departure within the guideline analysis." *See* App. 164-65. Moreover, Maldonado discounts the District Court's detailed findings regarding his extensive criminal history, which prompted the conclusion that, "[I]f someone can be appropriately characterized as a criminal, [Maldonado] can be . . . . [Maldonado's] life has been characterized by a disregard for the laws [and] not following the rules." App. 159-61. Accordingly, we find no reason to doubt that the District Court "reache[d] an informed and individualized judgment in [Maldonado's] case as to what is 'sufficient, but not greater than necessary' to fulfill the purposes of sentencing." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting 18 U.S.C. § 3553(a)).

## CONCLUSION

We have reviewed all of the arguments raised by Maldonado on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the May 18, 2017 amended judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk